FILED
CLERK, U.S. DISTRICT COURT

07/23/21

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JBB_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JEFFREY DEAN MOFFATT,<br><br>　　　　　Defendant. | CR  2:21-cr-00335-JAK-1<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1001(a)(1): Falsifying, Concealing, and Covering a Material Fact by Trick, Scheme, and Device; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. §§ 1343, 2(b)]

A.　INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.　Defendant JEFFREY DEAN MOFFATT was a resident of Los Angeles County.

2.　Defendant MOFFATT was disbarred from the State Bar of Arizona, in part based on a finding that defendant MOFFATT had committed an act that reflected adversely on defendant MOFFATT's honesty, trustworthiness, or fitness as a lawyer.  Defendant

MOFFATT's name was stricken from the roll of lawyers in Arizona effective on or about April 6, 2016, and he was no longer entitled to the rights and privileges of a lawyer licensed by the state of Arizona.

3.    Defendant MOFFATT was reciprocally disbarred from practice before the United States Tax Court effective on or about April 13, 2017.

4.    Defendant MOFFATT was reciprocally disbarred from practice before the United States Court of Appeals for the Ninth Circuit effective on or about July 28, 2017.

5.    Defendant MOFFATT was reciprocally disbarred from practice before the United States Court of Appeals for Veterans Claims effective on or about September 7, 2017.

6.    The United States Social Security Administration's ("SSA") Supplemental Security Income ("SSI") program was a government-run benefits program intended to assure a minimum level of income to people who were aged, blind, or disabled, and who had limited income and resources.  The disability component of the SSA Retirement, Survivors, and Disability Insurance program was a government-run program that provided benefits to people who were disabled and could not work.

7.    A person seeking benefits from SSA (an "SSA claimant") could appoint a qualified individual (a "representative") to represent the SSA claimant in seeking benefits from SSA.

8.    Representatives were required to abide by standards of conduct, which were published in the Code of Federal Regulations. SSA's published code of conduct imposed on representatives certain affirmative duties, including the following:

a. Be forthright in their dealings with SSA;

b. Disclose to SSA whether the representative was or had been disbarred or suspended from any bar or court to which he or she was previously admitted to practice; and

c. Disclose to SSA whether the representative had been removed from practice or suspended by a professional licensing authority for reasons that reflect on the person's character, integrity, judgment, reliability, or fitness to serve as a fiduciary. If the removal or suspension occurred after the appointment of the representative, the representative was required to immediately disclose the removal or suspension to SSA.

9. To charge an SSA claimant a fee for the representative's services, the representative was required to obtain written approval from SSA. If SSA authorized the representative's fee, SSA would withhold up to 25%, but no greater than $6,000, of the SSA claimant's past-due benefits for payment of all or part of the representative's authorized fee.

10. SSA benefits, including the portion of those benefits that were paid to representatives as an authorized fee, were disbursed by the United States Department of the Treasury.

11. Defendant MOFFATT was the sole signatory listed on a Bank of America business checking account ("MOFFATT's Bank of America Account").

B. THE SCHEME TO DEFRAUD

12. Beginning on or about April 6, 2016, and continuing until at least on or about May 19, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MOFFATT, knowingly and with the intent to defraud, devised, participated in,

and executed a scheme to defraud SSA and the United States as to material matters, and to obtain money and property from SSA, SSA claimants, and the United States by means of materially false and fraudulent pretenses, representations, and promises, and the omission and concealment of material facts.

13.  The scheme to defraud operated, in substance, as follows:

a.  After he was disbarred from the State Bar of Arizona, defendant MOFFATT would continue to represent SSA claimants in matters before SSA.

b.  Defendant MOFFATT would not disclose to SSA, and would conceal from SSA, that he had been disbarred from the State Bar of Arizona in part based on a finding that defendant MOFFATT had committed an act that reflected adversely on defendant MOFFATT's honesty, trustworthiness, or fitness as a lawyer.

c.  Defendant MOFFATT further would not disclose to SSA, and would conceal from SSA, that he was thereafter reciprocally disbarred from several courts.

d.  When asked on SSA forms if he had ever been disbarred or suspended from a court or bar to which he was previously admitted to practice as an attorney, defendant MOFFATT would respond "no."  In fact, as defendant MOFFATT then knew, he had been disbarred from the State Bar of Arizona and several courts, including the United States Tax Court, the United States Court of Appeals for the Ninth Circuit, and the United States Court of Appeals for Veterans Claims.

e.  Defendant MOFFATT would charge a fee for his services as a representative and request direct payment of fees from withheld past-due benefits owed to the SSA claimants he represented.

4

14. In total, defendant MOFFATT falsely represented to SSA, and concealed from SSA, that he had never been disbarred in at least approximately 65 matters.

15. As a result of defendant MOFFATT's false representations and omissions in connection with his representation of SSA claimants, defendant MOFFATT received from SSA a total of approximately $113,146 of SSA claimants' past-due benefits.

C. USE OF THE WIRES

16. On or about the dates set forth below, within the Central District of California, and elsewhere, defendant MOFFATT, for the purpose of executing the above-described scheme to defraud, caused the transmission of the following items by means of wire communications in interstate commerce:

| COUNT | DATE | ITEM |
| --- | --- | --- |
| ONE | 8/16/2017 | Payment issued to defendant MOFFATT in his capacity as representative of SSA claimant G.E.A. in the amount of $5,909.00, transferred by means of interstate wires from the United States Treasury in Kansas City, Missouri to MOFFATT's Bank of America account in Los Angeles County, California. |
| TWO | 3/8/2018 | Payment issued to defendant MOFFATT in his capacity as representative of SSA claimant J.G. in the amount of $5,907.00, transferred by means of interstate wires from the United States Treasury in Kansas City, Missouri to MOFFATT's Bank of America account in Los Angeles County, California. |
| THREE | 3/7/2019 | Payment issued to defendant MOFFATT in his capacity as representative of SSA claimant G.M. in the amount of $5,905.00, transferred by means of interstate wires from the United States Treasury in Kansas City, Missouri to MOFFATT's Bank of America account Los Angeles County, California. |

| COUNT | DATE | ITEM |
|---|---|---|
| FOUR | 1/6/2020 | Payment issued to defendant MOFFATT in his capacity as representative of SSA claimant A.W. in the amount of $5,903.00, transferred by means of interstate wires from the United States Treasury in Kansas City, Missouri to MOFFATT's Bank of America account Los Angeles County, California. |
| FIVE | 3/25/2020 | Payment issued to defendant MOFFATT in his capacity as representative of SSA claimant S.R. in the amount of $5,903.00, transferred by means of interstate wires from the United States Treasury in Kansas City, Missouri to MOFFATT's Bank of America Account Los Angeles County, California. |

COUNT SIX

[18 U.S.C. § 1001(a)(1)]

17.  The Grand Jury realleges paragraphs 1 through 15 of this Indictment.

18.  Beginning no later than on or about April 6, 2016, and continuing through at least on or about May 19, 2021, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the Social Security Administration ("SSA"), defendant JEFFREY DEAN MOFFATT knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device, material facts within SSA's jurisdiction, namely, that defendant MOFFATT had been disbarred from the State Bar of Arizona effective on or about April 6, 2016, and was subsequently disbarred from practice before several courts to which he was previously admitted to practice as an attorney, including the United States Tax Court, the United States Court of Appeals for the Ninth Circuit, and the United States Court of Appeals for Veterans Claims.

19.  Defendant MOFFATT carried out the trick, scheme, and device, in substance, in the manner described in paragraphs 12 through 15 of this Indictment.

20.  By operation of the above-described scheme, defendant MOFFATT, who had the duty to disclose material information to SSA in connection with his representation of SSA claimants, falsified, concealed and covered up information that was capable of influencing SSA's decision to allow defendant MOFFATT to participate in proceedings before SSA and receive payment in connection with his representation of SSA claimants.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL


/S/
Foreperson


TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes
Section

CAROLYN S. SMALL
Assistant United States Attorney
Major Frauds Section

9