1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

-oOo-

HONORABLE JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

                    Plaintiff,

     v.                                No. 2:21-cr-00335-JAK

JEFFREY DEAN MOFFATT,

                    Defendant.


REPORTER'S TRANSCRIPT OF EX PARTE HEARING

VOLUME 1-A

LOS ANGELES, CALIFORNIA

JUNE 8, 2023

_____


SUZANNE M. MCKENNON, CRR, RMR
UNITED STATES COURT REPORTER

UNITED STATES COURTHOUSE
350 W 1st STREET, ROOM 3411
LOS ANGELES, CALIFORNIA 90012
(213) 894-3913
suzanne@ears2hands.com

APPEARANCES:


On Behalf of the Government:

    ELIZABETH DOUGLAS, Assistant United States Attorney
        United States Attorney's Office
        General Crimes Section
        312 N Spring Street, Suite 1100
        Los Angeles, California 90012


On Behalf of the Defendant:

    RAMANUJAN DESIKAN NADADUR, Deputy Federal Public Defender
        Federal Public Defenders Office
        321 East 2nd Street
        Los Angeles, California 90012-4202


ZOOM APPEARANCE:

    JEFFREY DEAN MOFFATT

(Proceedings commenced on June 8, 2023 at 8:32 a.m.)

THE COURT:  Item 4, CR 21-335, United States v. Jeffrey Dean Moffatt.

Would you state your appearances, please, starting with the United States?

MS. DOUGLAS:  Good morning, Your Honor.  Elizabeth Douglas, specially appearing on behalf of Angela Makabali, for the United States.

THE COURT:  Good morning, Ms. Douglas.

And for Mr. Moffatt?

MR. NADADUR:  Good morning, Your Honor.  Anuj Nadadur, Deputy Federal Public Defender, on behalf of Mr. Jeffrey Dean Moffatt, who is appearing by video and out of custody, and also with me at the virtual counsel table is Supervising Deputy Federal Public Defender Isabel Bussarakum.

THE COURT:  Okay.  Good morning to all of you.

Is Mr. Moffatt's video available?

THE DEFENDANT:  I can see you, Your Honor.

Can you see me?

THE COURT:  No, we can't see you.  Mr. Moffatt, do you have -- do you see in the lower left there where you can start video?

THE DEFENDANT:  Oh, I do.

THE COURT:  There you are.  Thank you.  Good morning.  We are --

THE DEFENDANT:  Good morning, Your Honor.

THE COURT:  We are proceeding today by in-person and video.  I granted the ex parte application by Mr. Moffatt to appear by video at this time.  Because the CARES Act is expired -- the Act is expired, in general, video appearances in criminal proceedings are not permitted.  I've concluded that, based on the nature of today's proceedings, that this can proceed in that fashion.  However, this is not a determination that in any future proceedings a similar exception will be granted.

Among other things, I note that, with respect to the medical issue presented, the supporting declaration and letter from -- the medical letter is from two years ago.  But that aside, I just want to be clear on that.

And I want to also make sure Mr. Moffatt is consenting to appearing in this manner; is that correct, Mr. Nadadur?

MR. NADADUR:  That is correct.  And if Your Honor would like to take a formal waiver, Mr. Moffatt is preferred to give that, too.

THE COURT:  Mr. Moffatt, you understand you have the right to be here in person?

THE DEFENDANT:  I do.  And I give away the right.  Yes, Your Honor.

THE COURT:  All right.  Then the other piece is that as you -- as the parties who are appearing today -- party

appearing by video saw, upon checking in -- or actually, I guess, also your colleague is also appearing by video?

MR. NADADUR:  That's right, Your Honor, yes.

THE COURT:  I'm sorry.  Would you state your appearance, please?

THE COURTROOM DEPUTY:  She's not on the video, Your Honor.

THE COURT:  Is she on the audio?

THE COURTROOM DEPUTY:  No, not that I can tell.

THE COURT:  Okay.  Well, I'm just directing this at the moment to Mr. Moffatt.  As you saw when you checked in, there are to be no recordings made of any type of today's proceedings -- audio recording, video recording, still photography, or any other form of recording.  The only record of today's proceedings is that being prepared by the Court Reporter.  And accordingly, should anybody make any recording of any or all of today's proceedings, it would be in violation of a court order.

Mr. Moffatt, is anyone else with you where you are -- with you today?

THE DEFENDANT:  My wife's in the other room, but she's not with me now, no.

THE COURT:  All right.  Thank you.

We're appearing -- today's proceeding is as a result of the ex parte application presented by Mr. Nadadur on behalf of

Mr. Moffatt for today's proceedings.  So unless -- Mr. Nadadur, is there anything you wanted to say before we proceed to the in-camera session?

MR. NADADUR:  No, Your Honor.

THE COURT:  All right.  Then, Ms. Douglas, I'm going to ask you to step out, please.

MS. DOUGLAS:  Yes, Your Honor.

THE COURT:  Thank you.

(Ms. Douglas exited the courtroom.)

(Sealed portion redacted and filed separately.)

(Ms. Douglas returned to the courtroom.)

THE COURT:  Ms. Douglas has now returned.

Ms. Douglas, we have concluded our discussions and that will conclude our hearing today.

Mr. Nadadur, anything you wanted to raise at this time?

MR. NADADUR:  Yes, Your Honor, if I may, given the current trial date, I would request a continuance with no objection from the government of the trial date.  And I was hoping you could take the waiver on the record, and we would subsequently file the stipulation.

THE COURT:  What date do you propose?

MR. NADADUR:  After conferring with government Counsel, we propose a date of October 24, 2023, with a proposed pretrial conference date of October 12, 2023.

THE COURT:  And have you conferred with Mr. Moffatt

about that change?

MR. NADADUR:  I have, Your Honor.

THE COURT:  Is Mr. Moffatt in agreement?

MR. NADADUR:  I am.

And, Mr. Moffatt, if you could provide your consent also on the record?

THE COURT:  Mr. Moffatt, do you agree to that proposed continuance?

THE DEFENDANT:  I do.

THE COURT:  All right.  And you understand that you have a right to a speedy trial and that, by agreeing to continue the trial to October 24, 2023, and the final pretrial conference to October 12, 2023, you're consenting to those dates and waiving the right to a speedy trial to the extent the trial is continued to that date.

Do you understand that?

THE DEFENDANT:  I do, and I waive.

THE COURT:  You do.

All right.  And you understand that a more comprehensive written document will be prepared with the stipulation of the continuance.  It would also reflect your waiver of your speedy trial rights?

THE DEFENDANT:  Right.

THE COURT:  Okay.  Then --

THE DEFENDANT:  Just as long as --

THE COURT:  Sorry.  Go ahead.

THE DEFENDANT:  The one that was prepared by government Counsel was incorrect in the number of documents I've had access to, and it also indicated that all of the continuances in that document were based upon my reason of health, my request for continuing alone.  As long as it's not the same document, because that document was faulty, but if it's states what we've just discussed that there is a continuance with those to October 12 and October 24, that is fantastic for me.

THE COURT:  Mr. Nadadur?

MR. NADADUR:  I can confer with government Counsel on that and ensure the stipulation is accurate.

THE COURT:  Thank you.

Ms. Douglas?

MS. DOUGLAS:  I have no objection.  I'll ask Ms. Makabali to confer with defense Counsel.

THE COURT:  Do you expect to be able to file the stipulation and proposed order within ten days.

MR. NADADUR:  I do, Your Honor, yes.  Thank you.

THE COURT:  Ms. Douglas?

MS. DOUGLAS:  I believe that will work for the government, Your Honor.

THE COURT:  Mr. Moffatt, will you be available over the next ten days to discuss this question with Mr. Nadadur?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Then I am going to grant the speedy -- I'm going to grant the request to continue the trial until October 24, 2023, the final pretrial conference October 12, 2023, and final pretrial documents due prior to October 12, 2023, in conformance with the standing order.

I've taken the speedy trial waiver from Mr. Moffatt and that which will be restated in the written stipulation in an accurate manner, consistent with the parties' discussions.

All right.  Unless there is anything else, that will conclude our hearing today.

MS. DOUGLAS:  Nothing further from the government, Your Honor.

MR. NADADUR:  Nothing further from the defense, Your Honor.

THE COURT:  Thank you, Ms. Douglas.

Thank you, Mr. Nadadur.

Thank you, Mr. Moffatt.

THE DEFENDANT:  Thank you.

I'm excused; correct, Your Honor?

THE COURT:  Yes, you are, Mr. Moffatt.

(Adjourned at 9:10 a.m.)

-oOo-

Suzanne M. McKennon, CSR, CRR, RMR
United States Court Reporter
suzanne_mckennon@cacd.uscourts.gov      (213) 894-3913

REPORTER'S CERTIFICATE


    I certify that the foregoing is a correct transcript of proceedings in the above-entitled matter.


/s/ Suzanne M. McKennon, CSR, CRR, RMR
_____        Date:  09/05/2023
United States Court Reporter