UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | LA CR21-00335 JAK | Date | July 17, 2025 |
|---|---|---|---|

| Present: The Honorable | John A. Kronstadt, United States District Judge |
|---|---|
| Interpreter | |

| Daniel Torrez | Terri Hourigan | Nisha Chandran, David Lachman |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jeffrey Dean Moffatt | | X | X | Kenneth Reed | | X | X |

**Proceedings:**   **FINAL PRETRIAL CONFERENCE; MOTION FOR PRODUCTION AND INSPECTION OF GRAND JURY PROCEEDINGS (DKT. 173); MOTION IN LIMINE TO PRECLUDE JURY NULLIFICATION EVIDENCE AND ARGUMENT (DKT. 175)**

The hearing is held. Counsel address the Court. Defense counsel and Defendant inform the Court that Defendant wishes to proceed with private counsel and have Mr. Reed removed as counsel.

Accordingly, Government counsel is excused, the courtroom is sealed, and this portion of the hearing proceeds on an in camera basis. The transcript for the in camera portion of the hearing is ordered sealed. It is determined that Mr. Reed will continue to represent Defendant for the remainder of the hearing as it relates to the motions that were filed in anticipation of the hearing, but he will be relieved as counsel for Defendant at the conclusion of the hearing and Defendant will proceed pro se, without prejudice to his ability to retain private counsel.

Counsel for the Government returns to the courtroom after the in camera portion of the hearing has concluded.

Counsel address the Court regarding the Motion for Production and Inspection of Grand Jury Proceedings (the "GJ Motion"). Dkt. 173. Defense counsel contends that Defendant expresses concerns about the validity of the true bill as it relates to the presence of a signature by the grand jury foreperson and the ability of the United States Attorney and the Assistant United States Attorneys who conducted the grand jury proceedings to practice law. Government counsel state that they will produce grand jury testimony of any witness who will testify at trial, should the Court grant the Government's motion to do so, consistent with the Government's obligations under 18 U.S.C. § 3500. All counsel stipulate that the motivating concern behind GJ Motion will be satisfied if the Court were to conduct an in camera review of the true bill and evaluate whether it was signed by the grand jury foreperson.

Accordingly, the GJ Motion is **DENIED,** without prejudice to a determination, based on a future motion from the Government, that the grand jury testimony of any witness who will testify at trial should be produced, consistent with 18 U.S.C. § 3500. It is further determined that the Government shall submit a copy of the true bill of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

indictment to the Court in camera and an appropriate responsive order will issue as to the presence of a signature by the grand jury foreperson.

It is determined that a ruling on the Government's Motion in Limine to Preclude Jury Nullification Evidence and Argument (Dkt. 175) is **DEFERRED** until the matter is further along in the trial process.

In light of the determination that Defendant is ordered proceed pro se, without prejudice to his ability to retain private counsel, the current trial schedule is discussed.

Government counsel state their objections to Defendant's proceeding pro se in the matter given concerns about his ability to do so and contentions that Defendant's action have created substantial delay in the matter and demonstrate an abuse of court processes. Notwithstanding these objections, Government counsel object to any further continuance of the matter as they contend that Defendant is familiar with discovery in this case and the Government is prepared to proceed.

Defendant requests a trial continuance of 3 to 6 months and further requests that the pretrial motions deadline be lifted so he may file his own pretrial motions.

The Court states that there have been at least 11 prior continuances of trial in this matter, and in light of those continuances, the determination that Defendant will proceed pro se, Defendant's actions in contributing to the delay, and the Court's calendar in other matters, a brief trial continuance of 6 weeks is granted.

Accordingly, the trial in this matter is continued from August 19, 2025, to September 30, 2025. A further Final Pretrial Conference is set for August 28, 2025, at 2:30 p.m. Any further motions shall be filed on or before July 31, 2025. Any response to such motions shall be filed on or before August 14, 2025.

Defendant requests electronic docket filing privileges. Government counsel does not object. The Court grants Defendant's request for electronic filing privileges in light of his self-represented status.

Government counsel requests that standby counsel be appointed for Defendant. Defendant does not object. The Court defers a determination on appointing standby counsel until it is determined whether Defendant will be represented by retained private counsel.

Mr. Reed raises the issue of transferring documents to Defendant or potential future counsel given the protective order in the matter. It is determined that Government counsel will produce a complete set of discovery to Defendant with redacted social security numbers and related bank information, without prejudice to his ability to challenge certain redactions. Government counsel indicates its intention to produce such discovery to Defendant early in the week of July 21, 2025. Defendant does not object. Mr. Reed is relieved of the duty to provide discovery to Defendant. Government counsel is ordered to produce such discovery to Defendant on or before July 25, 2025.

**IT IS SO ORDERED.**

|  | 1 | : | 18 |
|--|---|---|----|

Initials of Deputy
Clerk    DT

cc: Office of the US Attorney; United States Probation & Pretrial Services