UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | LA CR21-00335 JAK | | Date | September 30, 2025 |
|---|---|---|---|---|

Present: The Honorable   John A. Kronstadt, United States District Judge

Interpreter

| Daniel Torrez | Miriam Baird- remote | Nisha Chandran, David Lachman |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jeffrey Dean Moffatt, Pro Se | X | | X | Humberto Diaz, Advisory Counsel | X | X | |

**Proceedings:**   **STATUS CONFERENCE**

The hearing is held. Social Security Administration OIG Alejandro Ibarra is also present. Defendant provides the Court a copy of "Defendant's Opposition to Dkt# 237 and Moves for rule 5F status conference Brady violation hearing," (the "Opposition"), which has not yet been entered on the docket. The Court directs Defendant to file the Opposition on the docket. Defendant states that he has had difficulty doing so using PACER. The Court directs Defendant to confer with Deputy Clerk Torrez and Mr. Diaz for any necessary assistance. The Court and counsel for the Government review the document.

The Court, counsel and Defendant confer regarding trial. The Court explains the voir dire process and states that some but not all of the proposed voir dire questions will be used. The Court also states that proposed voir dire questions that conflict with the rulings that have been made on the motion in limine and pretrial motions as to the inadmissibility of certain evidence will not be used. Similarly, the Court reminds counsel and Defendant that if and/or when opening statements are made at trial, the parties are not permitted to make statements about any evidence or arguments that have been precluded by prior rulings on the motion in limine and pretrial motions.

The Court inquires whether Defendant has reviewed the exhibits the Government proposes to introduce at trial. Defendant states that he has received the exhibits by email but has not reviewed them. Defendant contends that, pursuant to Dkt. 121, he is not permitted to review the documents because he is not a part of the "defense team." Counsel for the Government respond that the document to which Defendant refers is a stipulated protective order and only refers to the use of production of certain documents in discovery pursuant to that protective order. The Court instructs Defendant that the stipulated protective order was filed prior to Defendant's self-representation, and that the Minute Order from the July 17, 2025 Final Pretrial Conference (Dkt. 188) shows that Defendant is entitled to receive a complete set of discovery with certain redactions. The Government states that Defendant has already been provided all discovery in the matter, with some documents subject to limited redactions as to certain information, such as a Social Security claimant's social security number or bank information.

Defendant further contends that he has not reviewed the exhibits because, pursuant to Dkt. 121, his family is

| CR-11 (10/08) | **CRIMINAL MINUTES - GENERAL** | Page 1 of 1 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

barred from assisting him in any capacity because they are not defined as part of the "defense team." The Court instructs Defendant that Dkt. 121 is limited in scope to access to certain documents subject to the protective order. The Court informs Defendant that it has never ordered that Defendant's family be precluded from generally assisting him, which is distinct from the limitations on disclosure to them of matters that have been designated under the protective order.

Defendant also contends that he intends to call his wife as a witness at trial but does not want to do so if there are outstanding "contempt charges" against her. The Court instructs Defendant that he may proffer his wife as a trial witness and that there are no "contempt charges" pending against her that would lead to her detention if she appears as a proffered witness.

Defendant is instructed to review the exhibits and file any objections he has to them on or before October 2, 2025, at 2:00 p.m. The Court states that any notice of disputed exhibits shall be formatted as a chart with the first column corresponding to the exhibit that is being objected to, the second column corresponding to the objection advanced, and the third column corresponding to a space for the Court's ruling.

Counsel and Defendant address the Court regarding the Government's Motion to Redact Non-Material Matters in Indictment for Use at Trial (the "Motion to Redact" (Dkt. 237)) and the Opposition to the Motion to Redact. The Court instructs the Government to submit a copy of the Grand Jury transcript for its review. The Motion to Redact is taken **UNDER SUBMISSION**.

The Court inquires whether Defendant has any objection to the Government's request to strike the forfeiture allegation from the proposed trial indictment, that is advanced through the Motion to Redact. Defendant states that he does not oppose the Government's request to strike the forfeiture allegation.

The Motion to Redact is **GRANTED IN PART** to the extent it requests that the forfeiture allegation be stricken from the proposed trial indictment. A ruling on the remaining request in the Motion to Redact is **DEFERRED** pending a review of the Grand Jury transcript.

The Court provides to counsel and Defendant a draft of the statement of the case to be read to the jury during voir dire. Counsel for the Government and Defendant lodge proposed changes to the draft statement of the case. Counsel for the Government object on relevance grounds to Defendant's proposed addition to the statement of the case regarding Defendant's status of good standing before the United States Court of Appeals for the Federal Circuit. The Court states that it will review both parties' proposed changes and make a determination as to what the statement of the case will include.

Defendant requests a trial continuance so that he can review the Government's proposed exhibits. Counsel for the Government object to any trial continuance. The Court states that a determination as to any continuance will be made once the Government inquires whether its witnesses will be available to begin trial on October 3, 2025, or October 7, 2025.

The Court inquires about the Government's position as to whether Defendant's alleged health issues at the time of the alleged events at issue are relevant. The Government contends that there has been no evidence proffered as any health issues of Defendant at the time of the alleged events, no discovery provided on that issue and no expert disclosure on the issue. Counsel for the Government states that, at most, such allegations would amount to an imperfect diminished capacity defense. The Court instructs Defendant to make any proffer of evidence of his health condition at the time of alleged offenses, on or before October 2, 2025, at 2:00 p.m. Based on a review of what Defendant files, and any objections the Government may have to it, a determination will be made whether it may be introduced at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

**IT IS SO ORDERED.**

|  | 1 | : | 48 |
|---|---|---|---|
| Initials of Deputy Clerk | DT | | |

cc: Office of the US Attorney; United States Probation & Pretrial Services