LAW OFFICES OF HUMBERTO DIAZ
HUMBERTO DIAZ (No 157692)
(E-mail: JHDiazLaw@gmail.com)
714 West Olympic Blvd., Suite 610
Los Angeles, CA   90015
Telephone (213) 745-7477
Facsimile  (213) 745-7447

Advisory Counsel for Defendant
JEFFREY DEAN MOFFATT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN  DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-21-0335-JAK-1 |
| Plaintiff, | DEFENDANT JEFFREY DEAN MOFFATT'S *EX PARTE* APPLICATION FOR SUPPRESSION AND SUPPRESSION HEARING |
| v. | |
| JEFFREY DEAN MOFFATT, | |
| Defendant. | |

Defendant, JEFFREY DEAN MOFFATT, through his Advisory

Counsel, hereby submits the attached *ex parte* Application for Suppression

and Suppression hearing.


Respectfully Submitted,

October 5, 2025              By  */s/ Humberto Diaz*
                                 HUMBERTO DIAZ
                                 Advisory Counsel to Defendant

1070 West Barrel Springs Road, Box 11
Palmdale, CA 93551
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-2417

Jeffrey Dean Moffatt, Pro Se

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff v. JEFFREY DEAN MOFFATT, Defendant. | DISTRICT COURT DOCKET NO.: 2:21-cr-00335-JAK-1 **EXPARTE APPLICATION TO REQUEST SUPPRESSION HEARING AND SET ASIDE TRIAL DATE** **SUPPRESS GOVERNMENTS 17,000 PAGES OF DISCOVERY AND TRIAL EXHIBITS** Honorable Judge John A. Kronstadt, United States District Court Judge Trial Date: 10-7-25 |
| --- | --- |

## TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF

**RECORD:** Defendant moves the court with filing this "Exparte Application to request Suppression Hearing and Set Aside Trial Date 10-7-2025.

Page 1 of 12

10-28-2025

Defendant request the Suppression Hearing to be held on date specific: ~~11-6-25,~~ Thursday, Evidentiary Hearing on November 28, 2025 and tentative Trial Date: 12-18-2025.

This Exparte Application is being moved pursuant to Federal Rules of Criminal Procedure Rule 12(b)(3)(C) and Rule 47(c). In re Intermagnetics America, Inc., 101 B.R. 191 (1989). *See* **also** Mission Power Engineering Co. v. Continental Cas. Co., 883 F.Supp. 488 (1995).

The Government and through its counsel have delayed disclosure critical evidence for over four years. 10-2-2025 Discovery and Trial Exhibits, Government counsel gave to Defendant a mere three (3) business days before Trial date schedule 10/7/2025. In fact, the court on a Sunday 10/5/2025, have stated that delivering a thumb drive to stand by counsel, rather than sending it to Defendant, is sufficient.

Amazingly, this court believes that 17,000 documents can be handed to stand by counsel in Santa Monica on Monday 10/6/2025, and Defendant has until the end of business day for review is sufficient, especially in light of Defendant's disability's, is effective administration of justice, when this is completely the opposite.

Defendant attempted to review Discovery and Trial Exhibits on: 10-2-2025, at USAfx.box.com, only provided days before trial, which is prejudicial to defendant's ability to mount an effective and fair defense. Defendant did not receive the USAFX.box.com Link until 10-1-25, at: 1:58pm. Box.Com also gave message that to review the 17,000 documents only good for 14 days. After 14 days would have to pay $720.00, if did not cancel before 14days times is up, and all the links were invalid.

- **9/30/2025** Judge Kronstadt, ORDERED, Government provide Defendant with the 17,000 Pages of Discovery and Trial Exhibits, for compliance of Rule 16 of the Federal Rules of Criminal Procedure.

- **10/1/2025** at 1:58pm Defendant received an email from David Lachman, AUSA for United States of America, Plaintiff (Government) counsel, claiming to have made 17,000 documents accessible. Additionally, AUSA's: Chandran and Lachman, are NOT admitted to practice law before this Court.

- **10/2/2025** Defendant was to have reviewed 17,000 Pages of Discovery and Trial Exhibits in two days and advise what documents

agreed or not agreed.   Besides being humanly impossible to review 17,000 documents in two days because Defendant suffers with having major Brain Injuries and Brain issues.

Defendant is a Coma Survivor, who has a Traumatic Brain Injury, TBI, with severe Frontal Lobe Damage, diagnosed November 2024, with now having Brain Tumor and Cysts Forming inside of Appellant's Brain; along with Appellant has 50% hearing loss in left ear, and suffers with severe Environmental Asthma and has  one Heart Stent, via a survival of a heart attack.

Defendant having a TBI Cognitive impossibility for Defendant to review 17,000 docs in 2 days @8,500k per day due to the following: major Brain issues, and now reduced to 17,000 docs in one day, pending transfer from assistant counsel, is a farce. The prejudices Defendant is facing are apparent because defendant's medical conditions, including a Traumatic Brain Injury, make it impossible to review 17,000 Discovery and Trial Exhibits in the limited time provided on October 1, 2025 by the Government.

The due date October 2, 2025 for Defendant to review, give itemization of evidence disputed or undisputed was NOT sufficient time to review 17,000 pages of Discovery and Trial Exhibits. The new time frame is 10 6 2025 with assistant

counsel getting the thumb drive, sometime in the day to 5 pm, assuming Federal

Express is use, with arrival at noon, this would give 5 hours for assistant counsel

to transfer the documents to Defendant, and then for Defendant to respond to

17000 documents n 5 hours, a blatant impossibility.

Defendant does NOT waive equal protection under Federal Rules of

Criminal Procedure Rule 16.

- **10/2/2025** Defendant submitted a Judicial Notice **DKT#260.** Defendant within the Judicial Notice, advising the Government and its representatives: Lachman and Nisha Chandran, created intentional barriers by NOT releasing the seven (7) USAfx Links from Defendant to review Discovery and Trial Exhibits.

**DEFENDANT INTENDS TO BRIEF THE COURT ON THE FOLLOWING AT THE SUPPRESSION HEARING:**

**1).** Governments 17k Discovery and Trial Exhibits to be Suppressed under: 12(b)(3)(C). Barrier created with making USAfx NOT accessible for review and Links Broken. Causing Defendant not to have Equal Access to Justice, for reviewing Discovery and Trial Exhibits;

**2).** The Grand Jury was advised a Check converts to a Wire. The Grand Jury was misinformed and were not qualified in banking laws. Because of the misinformation give to the Grand Jury, they issued a wrongful Indictment. Defendant during the Suppression Hearing would like to Brief the Court that Checks are defined as Negotiable Instruments covered within the Uniform Commercial Code (UCC) Section 3-104(f) – Checks and Section 4-104 of the (UCC) – Bank Deposits, are NOT defined as Wires.

**3).** False Statement – The Indictment against Defendant lacks materiality. *See* USA v. Fortenberry 9th Cir. Court of Appeals – Case Docket #22-50144, 10/28/2022. The 9th Circuit analysis on False Statement showed Government did not full-fill the elements of False Statement, Social Security Administration 1. Does not require a law license to practice, and 2. Defendant is still admitted into at least 1 Federal Court, thus the check the box issues are immaterial:



**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50144 |
| *Plaintiff-Appellee,* | D.C. No. 2:21-cr-00491-SB-1 |
| v. | |
| JEFFREY FORTENBERRY, | OPINION |
| *Defendant-Appellant.* | |

2                    USA v. FORTENBERRY

## SUMMARY[**]

### Criminal Law

The panel reversed former congressman Jeffrey Fortenberry's conviction for making false statements, in violation of 18 U.S.C. § 1001(a)(2), without prejudice to retrial in a proper venue, and remanded.

This argument misses the mark. It is certainly true that Congress did not intend to criminalize trivial falsehoods under Section 1001, which the materiality requirement addresses. Materiality is a key element of the statutory definition of the crime that prosecutors must prove, with all the other elements, to obtain a conviction. *See Mathis v. United States*, 579 U.S. 500, 504 (2016) ("'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'") (quoting Black's Law Dictionary 634 (10th ed. 2014)).

For reasons within the Fortenberry 9th Cir case mentioned above Plaintiff from 9/3/2021 through present 10/5/2025, has NEVER done a "Meet and Confer," with any of the assigned attorneys 1-6 and now Defendant, Pro-Se, for government to prove it has satisfied the elements of 1001.

At a Suppression Hearing, Defendant would move to Suppress 18 U.S. Code Section 1001, Count 6, that Defendant Moffatt, that Defendant submitted False Statements to SSA on SSA Forms 1699, because United States of America, Plaintiff has NOT satisfied proving the Elements of Wire, prior to trial prescribed in 18 U.S. Code Section 1001.

At best what the Plaintiff (USA) has done is thrown something on a piece of paper hoping to stick on a document and entitled: I.N.D.I.C.T.M.E.N.T not

even a complete sentence of the word standardized in the common English of correct language word: Indictment

Noting SSA is NOT listed as a Co-Plaintiff with United States of America, Plaintiff on the Indictment.

4). **DKT#' 121, filed 3/14/2025 and Judge Kronstadt ORDER** issued in **DKT# 124, on 3-17-2025**, consisted of the following ORDERS, that were only countermanded last week prohibit even review of 17,000 documents of the USA Government, Plaintiff.

The Pleading contents that read in pertinent Part in DKT#121 and duplicated in DKT NO's: 22, (10/6/2021);  100, 101; and read as follows:

**"The Defense Team does not include defendant, defendant's family members, or any other associates of defendant." … "Defendant may not copy, keep, maintain," … "Defendant also may not write down or memorialize any data or information contained." … "At no time, under no circumstance, will … be left in the possession, custody, or control of defendant, regardless of defendant's custody status."** … Bold and underline added for emphasis only.

ORDERS were issued against Defendant in  DKT No's: 22, 102 and 124, that "Defendant … may not write down or memorialize any data or information." … ORDERS in DKT NO's: 22, 102 and 124 have not been dismissed and actually prohibit Defendant from reviewing Governments Discovery or Trial Exhibits and to do so would place Defendant in contempt.  Until the ORDERS are dismissed Trial must be continued or in the alternative the case must be dismissed because Defendant.

Defendant was provided on 10-1-2025 to review 17,000 Governments Discovery and Trial Exhibits in a day and half.  Strange how things have a way of working out because had Defendant not been able to review the 17,000 Government documents, however reviewing them would have placed Defendant subject to being in contempt with ORDERS in DKT NO's: 22, 102 and 124

5) Defendant has been deprived of inspection of Discovery and Trial Exhibits, with first Protective Orders issued back on 10/6/2021, in DKT#22, among other Protective Orders, have restrained Defendants hands and substantially hindered Defendant from visually reviewing ANY Discovery and Trial Exhibits, from 2021-2025.  A repeated pleading portion of content ORDERED that **"Defendant also may not write down or memorialize any data or information,"** … Bold added for emphasis.

Defendant request to be afforded the Suppression Hearing now move in a separate document to suppress these documents, since Defendant had been intentionally deprived of them, and now that Defendant is representing himself, and sent internet links that are broken, additionally deprived of reviewing documents days before trial.

6). Defendant will be able to demonstrate before a Suppression Hearing, that the Government acted similarly in United States v. Huntoon, Not Reported in Fed. Supp. (2018) — Court precluded late-disclosed computer evidence finding prejudice to defendant's trial preparation and insufficient time for constitutional analysis.

## CONCLUSION

For all the foregoing said, it is imminent and justified, that the court now must Set Aside the Trial Date on 10/7/2025, and either dismiss the entire case or set a Suppression Hearing on 10/28/2025, in order to provide Defendant with Equal Access to Justice, to review the Discovery and Trial Exhibits, assuming the government can actually the thumb drive to Defendant.

Defendant filed Judicial Notice on 10-3-2025. *See* **DKT# 260** showing government inaccessibility of evidence: The defendant has been unable to access

the evidence due to technical barriers, blockades and broken links, which the government has failed to rectify, thereby denying defendant Moffatt equal access to justice.

Defendant moves the Court with requesting again a **Suppression Hearing** with definite date **October 28, 2025**; **Evidentiary Hearing** November 28, 2025 and must either dismiss the case or reschedule Trial Date to **December 18, 2025**, for all the forgoing reasons mentioned above.

**Dated: 10-5-2025, Sunday**

**By:**
**/s/**_____
JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA and LL.M (Pro Se)
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-2417

**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA and LL.M (Pro Se)**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA 93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, Pro Se

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.:** 2:21-cr-00335-JAK-1<br><br>**DECLARATION OF JEFFREY DEAN MOFFATT (DEFENDANT)**<br><br><br>Honorable Judge John A. Kronstadt, United States District Court Judge<br><br>Trial Date: 9/30/2025 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF**

**RECORD:** Defendant moves the court with filing this Declaration.

I, JEFFREY DEAN MOFFATT declare as follows:

**1.** I am a Retired Federal Attorney, having a Federal Limited Law

Practice. Admitted before the United States Court of Appeals for the

Federal Circuit and in "Good Standing" from October 3, 2007 through February 26, 2024;

2. I am Pro Se in the United States in the case of United States v. Jeffrey

3. Dean Moffatt, CR 21-335-JAK;

4. Plaintiff is the United States of America, who did NOT have ANY Official "Counsel of Record," to come into the case until DKT#90, filed 9-12-2023, USDC Form G-123 signed 8-31-25, by Sue Bai;

5. Defendant Moffatt makes this Declaration in support of this "Exparte Application to Request Suppression Hearing," and Set Aside Trial Date of 10-7-2025;

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Palmdale, California, on October 5, 2025.

**By:**

JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA and LL.M (Pro Se)
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-2417
Admitted United States Court of Appeals for the Federal Circuit, "Good Standing" from October 3, 2007 through February 20, 2024.

Page 2

**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BS and LL.M (Pro Se)**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA 93551**
**Email Address: jeffreydeanjustin@gmail.com**
**Telephone No.: (661) 435-2417**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **2:21-CR-00335-JAK** |
| ) | |
| **Plaintiff,** ) | |
| ) | **"ORDER"** |
| ) | |
| **v.** ) | |
| ) | **EXPARTE APPLICATION** |
| ) | |
| ) | **(REQUEST SUPPRESION** |
| ) | **HEARING AND SETASIDE** |
| ) | **TRIAL DATE)** |
| ) | |
| ) | |
| ) | |
| ) | |
| **JEFFREY DEAN MOFFATT,** ) | **Trial Date 10-05-2025** |
| ) | |
| ) | **Honorable Judge Kronstadt** |
| **Defendant** ) | |
| ) | |
| _____ ) | |

Page **1** of **2**

This is an "ORDER" granting Defendant's Exparte Application **(REQUEST SUPPRESSION HEARING AND SET ASIDE TRIAL DATE)** and therefore the Court grants Defendants Exparte Application, in the best interest of the Court and taking into consideration Defendants mental and physical disabilities.

**IT IS HEREBY ORDERED** and Trial Date of 10-7-25, is set aside for new Trial Date: 12-18-2025; Evidentiary Hearing on 11-28-25 and Suppression Hearing 10-28-25.

Dated: _____, 2025

_____
By: Honorable Judge John A. Kronstadt