**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA and LL.M (Pro Se)**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA  93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, In Propria Persona

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> JEFFREY DEAN MOFFATT, <br><br> Defendant. | **DISTRICT COURT DOCKET NO**.: 2:21-cr-00335-JAK-1 <br><br> **EX PARTE APPLICATION FOR ORDER TO STRIKE EVIDENCE** <br><br><br><br> Honorable Judge John A. Kronstadt, United States District Court Judge <br><br> Trial Date: 6/3/2026 |

**APPLICATION FOR ORDER TO STRIKE EVIDENCE**

Defendant Jeffrey Dean Moffatt, appearing *In Propria Persona*, hereby moves this Honorable

Court *Ex parte* Application for an order striking in their entirety Government USAO **Exhibits**

**165 through 177.**

This Application is triggered by the late-stage discovery of fatal evidentiary and statutory defects within the government's sentencing submissions. Specifically, USAO Exhibits 165 through 177 consist of Investigative Reports that are completely unauthenticated under Federal Rule of Evidence 901, lack necessary signatures or certifications, and document systematic violations of Defendant's statutory rights under the Privacy Act of 1974. Defendant respectfully requests that these unverified materials be stricken and excluded from consideration prior to the imposition of any sentencing metrics on June 4, 2026.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND AND GOOD CAUSE FOR THE 11TH-HOUR FILING**

Good cause exists for the timing of this Ex Parte Application. Defendant previously requested a necessary 180-day continuance from this Court to review the massive, fragmented discovery record after taking over his own defense from seven prior appointed attorneys. The Court, however, granted only 18 days.

Because of this severe temporal restriction, Defendant, advocates and his family have been working continuously to analyze the government's extensive files. Through this late-stage review, Defendant has uncovered deep, structural defects within USAO **Exhibits 165 through 177** that could have been brought to the Court's attention much sooner had adequate preparation time been permitted.

**II. ARGUMENT**

**A. USAO Exhibits 165 Through 177 Flatly Fail the Authentication Mandates of FRE 901**

Federal Rule of Evidence 901 requires a proponent to produce evidence sufficient to support a finding that the item is what the proponent claims it to be. For investigative law enforcement

reports to carry foundational reliability at sentencing, they must be verified by the operating officials.

A rigorous review of USAO **Exhibits 165 through 177** reveals that these purported "Investigation Reports"—detailing interviews with Defendant's former law firm clients—completely lack any signatures, e-signatures, or declaration pages from Special Agent Carlos Gonzalez, Supervisor Wayland Quon, or Criminal Investigator Alejandro Ibarra. They stand as uncertified, unsigned, and unverified office notes. Because they lack any foundational hallmarks of authenticity or accountability, they are not self-authenticating, fail FRE 901, and cannot legally be used to substantiate loss calculations, character aggravation and does not uphold for sentencing on 6 4 2026.

## B. The Purported Investigative Reports Document Manifest Violations of the Privacy Act of 1974

Furthermore, the contents of these unverified reports expose unlawful investigative conduct by the government's agents. The reports reveal that Special Agent Carlos Gonzalez and Criminal Investigator Alejandro Ibarra systematically breached Defendant's statutory right to privacy under the Privacy Act of 1974.

Privacy protections dictate that personal records must be safeguarded. Yet, agents actively distributed and displayed Defendant's California DMV Driver's License image—explicitly exposing the last four digits of his **DL number (#6901)—**to outside interviewees and former clients as part of an ad hoc photo lineup "mugbook". This unauthorized dissemination of protected Department of Motor Vehicles data to private citizens constitutes a severe breach of confidentiality and a direct violation of the Privacy Act of 1974.

Notably, despite these highly suggestive and unlawful tactics, the government's own uncertified documents reveal the weakness of their narrative; for instance, at **Exhibit 175**, page 9, former client Kane completely failed to identify the Defendant in the six-photo lineup.

## III. CONCLUSION

The government cannot seek an 18-month carceral sentence based on a foundation of unsigned, uncertified investigative notes that openly violate federal privacy laws. Because USAO **Exhibits 165 through 177** fail the explicit mandates of FRE 901, Defendant respectfully requests that this Court strike these exhibits in their entirety and remove them from the sentencing calculus.

Dated: June 3, 2026

Respectfully submitted,

By: /s/

**JEFFREY DEAN MOFFATT**

*Defendant in Propria Persona*

**Dated:  6/3/2026**

**By:**
**/s/_____**
JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA and LL.M (In Propria Persona)
1070 West Barrel Springs Road, Box 11
Palmdale, CA  93551
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-24