**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and**
**In Propria Persona**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA  93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, In Propria Persona

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION)

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | DISTRICT COURT DOCKET NO.: 2:21-cr-00335-JAK-1<br><br>DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL PURSUANT TO 18 U.S.C. § 3143(b); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Honorable Judge John A. Kronstadt, United States District Court Judge**<br><br>Hearing Date: 6/4/2026 |
|---|---|

**DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL**

Defendant Jeffrey Dean Moffatt, appearing In Propria Persona, hereby moves this Honorable Court for an order allowing him to remain out of custody on bail pending his appeal of the final judgment to the United States Court of Appeals for the Ninth Circuit. This motion is brought pursuant to 18 U.S.C. § 3143(b) and Federal Rule of Appellate Procedure 9(b).

As demonstrated below, Defendant is neither a flight risk nor a danger to the safety of any other person or the community. Furthermore, this appeal is not taken for the purpose of delay but

raises several novel, substantial questions of law and fact that are highly likely to result in reversal, an order for a new trial, or a significantly reduced sentence.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD FOR BAIL PENDING APPEAL

Under the Controlling Provisions of the Bail Reform Act, 18 U.S.C. § 3143(b)(1), a judicial officer shall order the release of a person pending appeal if the court finds:

1. By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; and

2. That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence.

The Ninth Circuit in United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985), defined a "substantial question" as one that is "fairly debatable" or "fairly doubtful"—meaning it is an issue that is open to differing interpretations or is not completely settled by controlling precedent.

## II. DEFENDANT POSSESES AN EXEMPLARY RECORD OF COMPLIANCE AND IS NEITHER A FLIGHT RISK NOR A DANGER

Defendant Jeffrey Dean Moffatt meets the initial tier of Section 3143(b)(1)(A) by clear and convincing evidence. Defendant has been under strict, continuous de facto home confinement and electronic monitoring since September 3, 2021. Approaching nearly five consecutive years

of restrictive supervision under the eyes of this Court, Defendant has maintained 100% absolute compliance with every standard and special condition imposed by Pretrial Services.

Defendant's deep-rooted familial ties as a husband and father, his professional focus as an expert administrative law practitioner, and his documented history of zero failures to appear conclusively demonstrate that he poses no flight risk or community danger whatsoever.

## III. THE APPEAL RAISES MULTIPLE SUBSTANTIAL, "FAIRLY DEBATABLE" QUESTIONS OF LAW AND FACT

This appeal presents several severe, structural errors that cut directly to the constitutional validity of the government's entire prosecution framework, meeting the high standard set forth in United States v. Handy:

**A. SUBSTANTIAL QUESTION #1**: Fatal Post-Indictment Structural Defects and Non-Compliance with Federal Rule of Criminal Procedure 6 As documented in Defendant's "6 3 2026 Motion to strike count six.pdf" and related moving papers, the government's foundational post-indictment record relies on an attachment labeled the "Hansen Grand Jury Transcript" (filed under seal within DOC #248). A technical audit reveals a total breakdown of grand jury regularity under Rule 6: the session was captured at an off-site commercial civil workspace (Jonnell Agnew & Associates), utilized an unapproved civil court reporter (Michelle Murtagh) who lacked federal court credentials on that date, completely failed to produce standard federal certification, lacked a list of attending grand jurors, and completely lacked the signature, stamp, or verification of an authenticated Grand Jury Foreperson. Whether this parallel, ad hoc commercial procedure taints the core integrity of the prosecution and requires total dismissal of Count Six is a highly debatable question of first impression.

**B. SUBSTANTIAL QUESTION #2**: Unauthenticated and Unsigned Supplemental Sentencing Reports (USAO Exhibits 165 to 177) The government seeks to justify its 18-month carceral demand using a series of uncertified "Investigation Reports" docketed as USAO Exhibits 165 through 177. A rigorous review of these files—which Defendant was forced to analyze within an expedited 18-day window rather than his requested 180-day pro se preparation period—reveals they are completely unauthenticated under Federal Rule of Evidence 901. They completely lack signatures, e-signatures, or sworn declarations from any investigating agents, standing as unverified hearsay notes that openly violate the Privacy Act of 1974. Whether a district court can legally calculate loss parameters or impose prison terms based on unsigned, raw field notes is a substantial issue ripe for appellate review.

**C. SUBSTANTIAL QUESTION #3**: Fatal Evidentiary Defects and Lack of Certification on Core Trial Exhibits 1 and 2 The core of the government's theory regarding deception relies heavily on Trial Exhibits 1 and 2. However, as challenged on the docket, a technical review of Page 1 and Page 22 of Exhibit 1, and the face of Exhibit 2, reveals that nowhere on these instruments is the State Bar of Arizona or the Supreme Court of Arizona identified as the moving party. Crucially, these exhibits completely lack the certified seals required under Federal Rules of Evidence 901 and 902. The denial of Defendant's applications regarding these defective exhibits raises an issue that could completely dismantle the evidentiary support for the underlying conviction on appeal.

**D. SUBSTANTIAL QUESTION #4**: Public Disclosure of Privileged Attorney-Client Retainers and Bypassing of the Federal Arbitration Act The government's introduction of USAO Exhibit 59 (the Harvey Dickinson file) constitutes an unredacted, public disclosure of a confidential

Attorney-Client Retainer Agreement. This acts as an explicit breach of the attorney-client privilege. Furthermore, the contract contains a valid, mandatory arbitration clause and a definitive "WAIVER OF JURY TRIAL" governing any and all controversies between the firm and the client. The government's attempts to criminalize an administrative fee arrangement that is explicitly bound to private civil arbitration under the Federal Arbitration Act (FAA) introduces an intersecting statutory question that the Ninth Circuit has a substantial interest in resolving.

## IV. CONCLUSION

Because Defendant has proven he is not a flight risk or a danger, and because his impending appeal raises deeply technical, structural, and constitutional questions regarding grand jury preservation, unauthenticated agent reports, and privilege violations that are "fairly debatable," Defendant respectfully requests that this Court grant this motion and order his release on bail pending appeal.

Dated: June 4, 2026, Thursday

By: /s/ **JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and In Propria Persona**
1070 West Barrel Springs Road, Box 11 Palmdale, CA 93551 Email Address: jeffreydeanjustin@gmail.com Telephone No.: (661) 435-2417

## PROPOSED ORDER

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
UNITED STATES OF AMERICA, Plaintiff, v.
JEFFREY DEAN MOFFATT, Defendant.
DISTRICT COURT DOCKET NO.: 2:21-cr-00335-JAK-1

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL PURSUANT TO 18 U.S.C. § 3143(b)

Honorable Judge John A. Kronstadt, United States District Judge

THE COURT, having fully considered Defendant Jeffrey Dean Moffatt's Motion for Release on Bail Pending Appeal Pursuant to 18 U.S.C. § 3143(b), any response filed by the government, and the files and records herein, and finding that Defendant has shown by clear and convincing evidence that he is not a flight risk or a danger, and further finding that his appeal raises substantial questions of law and fact likely to result in reversal or a reduced sentence;

**IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED**. Defendant Jeffrey Dean Moffatt shall remain released on bail under his current terms and conditions of supervision pending the final disposition of his timely filed appeal before the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: _____

**HONORABLE JOHN A. KRONSTADT** UNITED STATES DISTRICT JUDGE

Cert of word Count

This document contains 1353 words using the Software program Word.

By: /s/ **JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and In Propria Persona**
1070 West Barrel Springs Road, Box 11 Palmdale, CA 93551 Email Address: jeffreydeanjustin@gmail.com Telephone No.: (661) 435-2417

Cert of filing

Although this document was presented in court, the document did not get docketed. As such through Assistant Attorney Diaz, this document will be submitted on Pacer and all parties will have proper service.

By: /s/ **JEFFREY DEAN MOFFATT, TBI, JD, MBA, BA, LL.M and In Propria Persona**
1070 West Barrel Springs Road, Box 11 Palmdale, CA 93551 Email Address: jeffreydeanjustin@gmail.com Telephone No.: (661) 435-2417