UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
|---|---|---|---|
| Title | United States v. Jeffrey Moffatt | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL PURSUANT TO 18 U.S.C. § 3143(b) (DKT. 381)**

## I.    Introduction

In this action, Jeffrey Moffatt ("Defendant") was charged through an Indictment with five counts of wire fraud, in violation of 18 U.S.C. § 1343 ("Counts 1–5"), and one count of false statements by trick, scheme, or device, in violation of 18 U.S.C. § 1001(a)(1) ("Count 6"). Dkt. 1. On October 15, 2025, following a five-day jury trial, the jury returned a guilty verdict on Count 6. Dkt. 307 at 1. The verdict form stated that the jury was deadlocked as to Counts 1–5. *Id.* at 2. The Government's request that the Court declare a mistrial as to Counts 1–5 was granted. *Id.*

On June 4, 2026, Defendant was sentenced to a term of 12 months and 1 day in the custody of the Bureau of Prisons, one year of supervised release and a special assessment of $100. Dkt. 379 at 1. The Government's motion to dismiss Counts 1–5 was also granted. *Id.* at 2.

At the sentencing hearing, Defendant presented arguments in support of his planned written Motion for Release on Bail Pending Appeal. Dkt. 378. The Government responded orally and elected not to file a written opposition at that time or thereafter. *Id.* On June 9, 2026, Defendant filed the written version of the Motion for Release on Bail Pending Appeal Pursuant to 18 U.S.C. § 3143(b) on the docket. Dkt. 381 ("Motion"). On June 15, 2026, Defendant filed a notice of appeal. Dkt. 383.

In accordance with Local Civil Rule 7-15, which applies in this criminal action pursuant to Local Criminal Rule 57-1, it is determined that the Motion will be decided without further oral argument, and it is taken under submission. For the reasons stated in this Order, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
| Title | United States v. Jeffrey Moffatt | | |

**II.    Analysis**

      A.    Legal Standards

Section 3143(b) of Title 18 of the United States Code governs release or detention of defendants pending an appeal.[1]  Subsection 3143(b)(1) provides that, subject to the exceptions stated in subsection (b)(2), the court:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> (i) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(2) provides the following exceptions:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Under these statutes, a defendant who has been convicted and sentenced shall be detained pending appeal unless the court finds that the two requirements of § 3143(b)(1)(A) and (B) are met. However, if the offense for which defendant is convicted falls within those listed in § 3143(b)(2), then the defendant must be detained pending appeal regardless of whether § 3143(b)(1) has been satisfied.

      B.    Application

          1.    § 3143(b)(2)

It is undisputed that § 3143(b)(2) does not apply to Defendant. He was convicted of false statements by

---

[1]  18 U.S.C. § 3143(b) applies when the Defendant is the appellant. When the Government is the appellant, 18 U.S.C. § 3143(c) applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
| Title | United States v. Jeffrey Moffatt | | |

trick, scheme, or device, in violation of 18 U.S.C. § 1001(a)(1). Dkt. 307 at 1. False statement by trick, scheme, or device is not among the list of crimes in § 3142(f)(1)(A) and (C). Further, the maximum sentence for the offense of false statement by trick, scheme, or device is five years. 18 U.S.C. § 1001(a)(3). Accordingly, § 3142(f)(1)(B), which provides an exception for offenses for which the maximum sentence is life imprisonment or death, does not apply.

Because § 3143(b)(2) does not apply, the analysis turns to whether Defendant has satisfied the requirements of § 3143(b)(1).

> 2. § 3143(b)(1)(A)

It is undisputed that Defendant does not pose a danger or flight risk under § 3143(b)(1)(A). Dkt. 381 at 2–3. At the sentencing hearing, the Government agreed that Defendant does not pose a flight risk or imminent danger to the community. Accordingly, the first requirement under § 3143(b)(1) is satisfied.

> 3. § 3143(b)(1)(B)

> a) Legal Standards

Defendant bears the burden to show that his appeal "is not for purpose of delay" and that his appeal raises "a substantial question likely to result in reversal or an order for a new trial." *United States v. Handy*, 761 F.2d 1279, 1280, 1283 (9th Cir. 1985). "'[S]ubstantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *Id.* at 1281.

The phrase "substantial question" refers to questions that are "fairly debatable," including "questions that are novel and not readily answerable." *Id.* at 1281–83. A showing that a claim is not frivolous is not sufficient to show a "substantial question." *Id.* at 1283 ("In short, a 'substantial question' is one of *more substance* than would be necessary to a finding that it was not frivolous." (emphasis added) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

The "likely to result in reversal" inquiry "concerns only the type of question that meets the requirement; it does not involve assessing the likelihood that a reversal will occur in the particular case." *United States v. Baras*, No. 11-CR-523, 2014 WL 4728992, at *3 (N.D. Cal. Sep. 18, 2014) (citing *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003)). Accordingly, a defendant must show a substantial question that, if decided in the defendant's favor, "would likely result in reversal or could satisfy one of the other conditions" -- "a new trial, a non-prison sentence, or a sentence reduced to less than the time that would be served by the end of the appeal process." *Id.* (quoting *Garcia*, 340 F.3d at 1021 n.5).

> b) Compliance with Federal Rule of Criminal Procedure 6

Defendant first contends that the grand jury proceedings that led to the Indictment in this action failed to comply with Federal Rule of Criminal Procedure 6, and that this raises a "highly debatable question of first impression" regarding whether this alleged error requires dismissal of Count 6. Dkt. 381 at 3. Defendant argues that the grand jury proceedings failed to comply with Rule 6 for the following

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CRIMINAL MINUTES – GENERAL**


| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
|---|---|---|---|
| Title | United States v. Jeffrey Moffatt | | |

reasons: (1) they occurred at "an off-site commercial civil workspace," (2) "utilized an unapproved civil court reporter," (3) "lacked a list of attending grand jurors," and (4) the Indictment did not include "federal certification" or the "signature, stamp, or verification of an authenticated Grand Jury Foreperson." *Id.*[2]  The Government responds that there was nothing unusual about the grand jury transcript of the proceedings conducted by an Assistant U.S. Attorney ("AUSA") at the Edward R. Roybal U.S. Courthouse.

As noted in the June 4, 2026, order regarding Defendant's *Ex Parte* Application for Order to Strike Transcript and Dismiss Count 6, Defendant failed to file a motion to dismiss the Indictment for the claimed errors in the grand jury proceedings before trial and did not raise any objection to the lodging of the grand jury transcript *in camera*. Dkt. 374 at 2 (citing Fed. R. Crim. P. 12(b)). Accordingly, Defendant's objections are untimely and have been waived for purposes of appellate review. *See United States v. Kahlon,* 38 F.3d 467, 469 (9th Cir.1994) ("Irregularities in grand jury proceedings are considered to be defects in the institution of the prosecution . . . . Failure to raise such defects before trial results in waiver of the objections."); *see also United States v. Cotton*, 535 U.S. 625, 630 (2022) (indictment defects are not jurisdictional and may be forfeited if not timely raised). Because Defendant waived any challenge to the validity of the Indictment by failing to raise the alleged procedural defects prior to trial, this issue does not raise a "substantial question likely to result in reversal or an order for a new trial." *See Handy*, 761 F.2d at 1280.

Notwithstanding that Defendant has waived his objections, a review of them shows that they are without merit. Pursuant to the Government's representation, the grand jury proceedings occurred at a federal courthouse in this District. Based on a review of the transcript of the July 23, 2021, grand jury proceedings, they were transcribed as required by Federal Rule of Criminal Procedure 6(e). A Certified Shorthand Reporter (CSR) transcribed them. The CSR Examination administered by the Court Reporters Board of California is an acceptable qualifying examination to serve as a court reporter in this District. *See* 28 U.S.C. § 753; Guide to Judiciary Policy, Vol. 12, Ch. 5 § 580.40.30 (2026), https://jnet.ao.dcn/sites/default/files/pdf/Vol12_Ch5.pdf. The certified court reporter duly certified the transcript of the July 23, 2021, grand jury proceedings as required. *See* 28 U.S.C. § 753; Guide to Judiciary Policy, Vol. 6, Ch. 5 § 520.63 (2022), https://www.uscourts.gov/sites/default/files/guide-vol06.pdf.

With respect to Defendant's objection to the "list of attending grand jurors," pursuant to Federal Rules of Criminal Procedure 6(c) and (e), the names of the grand jurors in attendance and "the number of jurors concurring in every indictment" are not made publicly available. Accordingly, no such lists have been provided in this case. There is also no evidence that a quorum of grand jurors did not participate at any point during the grand jury proceedings. Finally, the foreperson of the grand jury signed the Indictment as required by Federal Rule of Criminal Procedure 6(c). *See* Dkt. 1 at 9.

Because Defendant waived the foregoing objections and those objections are without merit,

---

[2]  Defendant previously challenged the Indictment on procedural grounds by arguing that the acting U.S. Attorney for the Central District of California at the time was "unconstitutionally seated" pursuant to 28 U.S.C. § 546(c)(2). Dkt. 199. On September 11, 2025, an order issued that denied Defendant's pretrial *Ex Parte* Application to Dismiss the Indictment. Dkt. 227. As detailed on the record of the August 28, 2025, final pretrial conference, Defendant's challenge to the Indictment was denied because the acting U.S. Attorney for the Central District of California was authorized to serve in that position when the grand jury was impaneled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
|---|---|---|---|
| Title | United States v. Jeffrey Moffatt | | |

Defendant's challenge based on Federal Rule of Criminal Procedure 6 does not raise a "substantial question likely to result in reversal or an order for a new trial." *Handy*, 761 F.2d at 1280.

       c)       Evidentiary Challenges to Supplemental Sentencing Reports

Defendant next argues that whether the Government could rely upon Exhibits 165 to 177, which he contends do not comply with Federal Rule of Evidence 901, to support its sentencing recommendation raises a substantial question on appeal. Dkt. 381 at 4. The Government responds that none of the challenged documents were admitted at trial; they were numbered as exhibits in the event it became necessary to refresh a witness's recollection at trial.

Exhibits 165 to 177 consist of various OI-4 Reports of Investigation by the Office of the Inspector General of the Social Security Administration ("SSA") concerning the investigation of Defendant's actions as an attorney representing various clients before the SSA. These exhibits were not admitted at trial. Dkt. 320 at 27–28. Therefore, they were not part of the evidence upon which the jury relied to return a guilty verdict on Count 6 of the Indictment. Because Exhibits 165 to 177 were not admitted at trial and, pursuant to Federal Rule of Evidence 1101(d), Rule 901 does not apply to sentencing, regardless of whether these exhibits comply with the requirements of Federal Rule of Evidence 901, the question Defendant raises is unlikely to result in reversal, an order for a new trial or a direction that Defendant be re-sentenced. *See Handy*, 761 F.2d at 1280.

Even if Rule 901 applied to sentencing, there is no evidence that the Government or the U.S. Probation Office relied upon Exhibits 165 to 177 in drafting any sentencing briefing or the Presentence Investigation Report, respectively. *See* Dkts. 346, 351, 366. Accordingly, there is no evidence that those exhibits were relied upon to support the Government's recommended 18-month sentence. *See* Dkt. 351 at 13. Further, Defendant was sentenced to a term less than the Government's recommended 18-month sentence. *See* Dkt. 379 at 1. For these reasons, there is no evidence that evaluating Exhibits 165 to 177's compliance with Federal Rule of Evidence 901 would have resulted in a non-custodial sentence or one of less than the time that would be served by the end of the appeal. *See Baras*, 2014 WL 4728992, at *3.

       d)       Evidentiary Challenges to Trial Exhibits 1 and 2

Defendant also argues that the admission of Trial Exhibits 1 and 2 pursuant to Federal Rules of Evidence 901 and 902 raises a substantial question on appeal. Dkt. 381 at 4. The Government responds that, because these exhibits were authenticated at trial, their admission does not raise any substantial question on appeal.

Trial Exhibit 1 is a March 7, 2016, Decision and Order Imposing Sanctions by the Arizona Supreme Court. Trial Exhibit 2 is an April 19, 2016, Final Judgment and Order of Disbarment by the Arizona Supreme Court. At the time Trial Exhibits 1 and 2 were admitted into evidence on October 8, 2025, Defendant did not object. *See* Dkt. 320 at 3. They were relevant to the criminal charges presented at the trial*, i.e.*, whether Defendant was authorized to practice law when he represented certain clients in SSA proceedings. As previously held in the June 3, 2026, Order, because Defendant has not presented any new evidence in support of his current evidentiary objection, his objection to Trial Exhibits 1 and 2 has been waived. *See* Dkt. 373; *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir.1996) ("By

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
| Title | United States v. Jeffrey Moffatt | | |

failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal."); *see also United States v. Beltran-Carranza*, 227 F. App'x 660, 661 (9th Cir. 2007). Because an objection to the admissibility of Trial Exhibits 1 and 2 is unreviewable on appeal, this challenge does not raise a "substantial question." *See Handy*, 761 F.2d at 1280.

Further, even if this issue were subject to appellate review, it would not raise a substantial question. Pursuant to Federal Rule of Evidence 902(4), a copy of a court record is self-authenticating and "require(s) no extrinsic evidence of authenticity in order to be admitted" if it is "certified as correct by . . . the custodian or another person authorized to make the certification . . . ." Trial Exhibits 1 and 2 each includes a certification executed on September 4, 2025, by the Disciplinary Clerk of the Supreme Court of Arizona that the record is "a full, true, and correct copy of the original on file." Because these exhibits are certified, self-authenticating copies of court filings, they are admissible under Federal Rule of Evidence 902(4). Accordingly, this issue does not raise a substantial question on appeal.

> e)    Trial Exhibit 59 Challenges Based on Attorney-Client Privilege & the Federal Arbitration Act

Defendant argues that the admission of Trial Exhibit 59, a copy of Defendant's April 27, 2017, retainer agreement with client H.D., presents a substantial question on appeal. Dkt. 381 at 4. He contends that the Government breached the attorney-client privilege of this client by admitting the retainer agreement into evidence. *Id.* at 4–5. He also argues that, because the retainer agreement contains a valid, mandatory arbitration clause, legal proceedings derivative of the agreement were "explicitly bound to private civil arbitration under the Federal Arbitration Act (FAA) . . . ." *Id.* at 5. The Government responds that there was no breach of attorney-client privilege because Defendant submitted the retainer agreement to the SSA himself and it simply memorialized that Defendant purported to be a qualified attorney representing a social security claimant.

Regarding the alleged breach of attorney-client privilege, the Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine. *See Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995); *accord United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) ("As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege."); *In re Michaelson*, 511 F.2d 882, 888 (9th Cir. 1975) ("[I]t has generally been held that information concerning the fee arrangement between an attorney and his client, or the existence of the attorney-client relationship is not privileged or protected by the attorney-client privilege."); *see also White v. Experian Info. Sols., Inc.*, No. 05-CV-1070, 2010 WL 11526818, at *2–3 (C.D. Cal. Sep. 30, 2010). Communications concerning "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *see also Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 654 (D. Idaho Feb. 27, 2008); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13-CV-1556, 2014 WL 3894348, at *5 (S.D. Cal. June 12, 2014)). However, "the privilege is invoked where disclosure of the fee-payer/client identity and the fee information would infringe upon a privileged communication." *Ralls*, 52 F.3d at 225–26.

Trial Exhibit 59 revealed Defendant's representation of H.D. before the SSA and the fee arrangement. Accordingly, under the foregoing standards, its disclosure did not infringe upon a privileged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| Case No. | 2:21-CR-00335-JAK-1 | Date | July 6, 2026 |
|---|---|---|---|
| Title | United States v. Jeffrey Moffatt | | |

communication. Instead, it is within the general rule that the attorney-client privilege does not apply to or protect such agreements from disclosure. *See Ralls*, 52 F.3d at 225–26. Because this is well-established in the law, the applicability of attorney-client privilege to Trial Exhibit 59 raises a "readily answerable" rather than "substantial" question. *Handy*, 761 F.2d at 1281–83.

Defendant's argument regarding arbitration also fails to raise a substantive question on appeal. The FAA applies to:

> [a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal . . . .

9 U.S.C. § 2.

The criminal investigation and subsequent judicial proceedings initiated by the Government against Defendant do not concern any dispute arising out of the retainer agreement. Such disputes would have been between Defendant and a client. Thus, the terms of the retainer agreement between Defendant and H.D. required arbitration only for conflicts between Defendant's law firm and H.D., not third parties. Accordingly, the FAA and arbitration clause do not apply in these proceedings. Because the inapplicability of the arbitration clause is readily ascertainable, this issue also fails to present a substantial question.

\*     \*     \*

For the foregoing reasons, Defendant has not met his burden to show that his appeal "is not for purpose of delay" and that it raises "a substantial question likely to result in reversal or an order for a new trial." *See Handy*, 761 F.2d at 1280. Accordingly, the Motion is **DENIED**.

### III.     <u>Conclusion</u>

For the reasons stated in this Order, the Motion is **DENIED**, and the self-surrender date of September 30, 2026, before 12 noon, which was set at the sentencing hearing, remains in place.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | LC2 |

Page 7 of 7