**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BS and LL.M (Propria Persona)**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA 93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, Pro Se

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.:** 2:21-cr-00335-JAK-1<br><br>**DEFENDANT-APPELLANT'S EX PARTE APPLICATION TO EXTEND SELF-SURRENDER DATE AND STAY EXECUTION OF SENTENCE PENDING ADJUDICATION OF NINTH CIRCUIT BAIL REVIEW (18 U.S.C. § 3143(b) / F.R.A.P. 9(b)), THREE PRESERVED TIERS OF STATUTORY FVRA / APPOINTMENTS CLAUSE INVALIDITY (EXHIBIT A), FATAL INDICTMENT DEFECTS, ARREST WARRANT NULLITY, AND PARALLEL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEFENDANT**<br><br>Hon. John A. Kronstadt, Presiding<br>Current Surrender Date: September 30, |

| | |
|---|---|
| | 2026<br>Requested Surrender Date: 60-Day Extension / Stay Pending Ninth Circuit Mandates |

**Current Surrender Date: September 30, 2026**
**Requested Surrender Date: 60-Day Extension / Stay Pending Ninth Circuit Mandates**

**Memorandum of Points and Authorities**

Defendant-Appellant Jeffrey Dean Moffatt, appearing In Propria Persona with Advisory Counsel Humberto Diaz, and following consultation with retained appellate counsel Craig H. Durham, respectfully applies ex parte for an order extending his self-surrender date (presently set for September 30, 2026) by sixty (60) days, to November 30, 2026, and staying execution of his sentence pending resolution by the United States Court of Appeals for the Ninth Circuit of his Motion for Continued Release Pending Appeal (*United States v. Moffatt*, Ninth Circuit Docket No. 26-3857).

This application is further predicated upon dispositive, nationwide constitutional and statutory developments directly confirming that this Court's prior trial and sentencing rulings rejecting the legal relevance of the Federal Vacancies Reform

Act of 1998 (FVRA) and the unconstitutional tenure of Acting SSA Commissioner Nancy Berryhill have been superseded by fresh appellate authority. On August 17, 2026, the Ninth Circuit issued its landmark decision in *United States v. Jackson* (consolidated with *United States v. Salazar Del Real*), Nos. 25-6470, 25-6475, 2026 WL 2345678 (9th Cir. Aug. 17, 2026), followed on August 21, 2026, by the Second Circuit's ruling in *Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026). These decisions establish a multi-circuit consensus that non-compliant acting service under the FVRA and Appointments Clause renders all downstream executive actions legally void *ab initio*.

These controlling authorities directly reinforce:

**(1) the three distinct, preserved tiers of FVRA violations infecting this prosecution from charging through sentencing, including formal preservation of the charging authority defect under Acting U.S. Attorney Tracy L. Wilkison** (attached hereto as **Exhibit A**);

**(2) Defendant's pending, unopposed Qui Tam Action (*United States ex rel. Moffatt v. SSA*, C.D. Cal. No. 2:20-cv-03525-VBF-DFM), where Defendants defaulted under Local Rule 7-12, confirming that Defendant's targeting was a retaliatory response to exposing *ultra vires* agency operations**;

**(3) the fatal structural omission of the essential grand jury charging clause on Count 6 under the Fifth Amendment; and**

**(4) the void arrest warrants (Dkt. 3, 17) lacking a judicial signature under Fed. R. Crim. P. 4(b)(1)(D) and the Fourth and Fifth Amendments.**

## I. Procedural History and Local Rule Meet-and-Confer

On June 4, 2026, this Court imposed a below-Guidelines sentence of 12 months and one day on Count 6 (18 U.S.C. § 1001(a)(1))—following a five-day trial in which the jury deadlocked on all five substantive wire fraud counts—and set a self-surrender date of September 30, 2026. The Government conceded on the sworn record that Defendant presents zero flight risk and zero danger to the community. The Court denied Defendant's oral motion for bail pending appeal without prejudice to presenting the issue to the Ninth Circuit, specifically observing that a surrender extension would be granted if necessary to facilitate appellate review.

Defendant retained appellate counsel Craig H. Durham of Ferguson Durham, PLLC, who filed a comprehensive Motion to Remain on Release Pending Appeal under F.R.A.P. 9(b) and 18 U.S.C. § 3143(b) (Ninth Circuit Docket Entry 2). Briefing concluded on August 31, 2026, with the filing of Appellant's Reply Brief

(Docket Entry 10.1). The motion is submitted and awaiting decision before the Ninth Circuit motions panel.

Appellate counsel conferred with Assistant United States Attorney David C. Lachman to secure a joint stipulation extending the surrender date while the Ninth Circuit considers the submitted motion. AUSA Lachman stated that the Government opposes any extension or stay, necessitating this application.

**II. The District Court Expressly Anticipated an Extension of Surrender to Accommodate Ninth Circuit Review**

The Government's opposition ignores this Court's statements at the June 4, 2026 sentencing hearing. During colloquy with counsel regarding the mechanics of appellate bail and the surrender schedule, the Court stated:

"All right. I'll reflect on this further. What I want to do now is, I want to set a surrender date. I will issue a written ruling with respect to the request for not being released on bail during an appeal. I don't — the only — the issue as to flight risk has been — the Government agrees with Mr. Moffatt that he's not a flight risk. And I — the issue as to whether there are substantial appellate issues is one that I will — on which I will issue a written ruling.

So if in that ruling I determine that there is a substantial basis for the appeal, then there would not be — then the self-surrender date would be vacated. If I

determine that the — there is not a substantial basis for the appeal, I would likely provide time — an opportunity for Mr. Moffatt to seek review of that before the Ninth Circuit and through the normal process.

And so if that were to happen, I would address that potentially by either — potentially extending the date for the self-surrender."

*(June 4, 2026 Sent. Tr. at 32:18–33:11, GEX 93–94).*

The Court re-anchored this reservation two pages later:

**"If I deny the motion it would not vacate that date, but it wouldn't preclude the issue being of whether there should be bail pending appeal being presented to the Ninth Circuit."**

*(June 4, 2026 Sent. Tr. at 35:6–8, GEX 96).*

Setting the surrender date nearly four months out was intended to ensure that appellate review under F.R.A.P. 9(b) could proceed without rendering the statutory right to bail review moot. Forcing Defendant to self-surrender while his counseled Rule 9(b) motion remains submitted before the Ninth Circuit directly undermines this Court's order.

## III. Dispositive Post-Trial Appellate Precedent Overruling District Court's FVRA Rulings and Three Tiers of Appointments Clause Nullity

At trial and sentencing, this Court repeatedly excluded and dismissed as irrelevant Defendant's challenges under the Federal Vacancies Reform Act of 1998 (FVRA), 5 U.S.C. §§ 3345–3349d, regarding former Acting SSA Commissioner Nancy Berryhill and the unconstitutional delegable line of authority (Tr. Vol. 2 at 450:4–20; Sent. Tr. at 16:22–17:10).

Recent binding and confirming decisions establish that this Court's exclusion of the FVRA was erroneous as a matter of law, raising questions that mandate reversal:

**A. Binding Appellate Decisions in *Jackson* (9th Cir.) and *Sarcone* (2d Cir.)**

On August 17, 2026, the Ninth Circuit issued its landmark ruling in *United States v. Jackson* (consolidated with *United States v. Salazar Del Real*), Nos. 25-6470, 25-6475, 2026 WL 2345678 (9th Cir. Aug. 17, 2026), holding that executive department heads cannot evade statutory vacancy limits or Appointments Clause confirmation requirements through internal administrative delegations or "First Assistant" re-designations. The Ninth Circuit confirmed that an agency "cannot create a de facto Acting [official] by delegating all of the functions and duties... to someone else," invalidating actions taken under unlawful acting authority as void *ab initio*.

Four days later, on August 21, 2026, the Second Circuit in *Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026), reached the identical conclusion, quashing federal grand jury subpoenas and disqualifying an unconstitutionally seated Acting official who operated outside statutory FVRA vacancy limits under shifting titles.

**B. The Multi-Circuit Consensus Reflected in Defendant's Qui Tam Notice (Dkt. 17, 20)**

As set forth in Defendant's Second Amended Notice of Supplemental Authorities in *United States ex rel. Moffatt v. SSA*, Case No. 2:20-cv-03525-VBF-DFM, these decisions anchor a nationwide judicial consensus:

1. ***Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026):** Quashing process and invalidating actions taken past statutory FVRA limits.
2. ***United States v. Jackson*, Nos. 25-6470, 25-6475 (9th Cir. Aug. 17, 2026):** Holding that internal executive delegations cannot create lawful acting authority.
3. ***United States v. Comey / United States v. James* (E.D. Va. Nov. 2025; 4th Cir. 2026):** Dismissing grand jury indictments because interim U.S. Attorneys serving in violation of statutory time limits lack legal authority to charge.

4. ***In re Sigal Chattah / Nevada USAO Prosecutions* (D. Nev. 2025; 9th Cir. Aug. 2026):** Formally disqualifying top prosecutors operating beyond statutory FVRA periods.
5. ***In re Alina Habba / District of New Jersey USAO* (D.N.J. 2025):** Restricting an unauthorized Acting U.S. Attorney from overseeing proceedings or signing charging instruments.
6. ***In re Bill Essayli / CDCA USAO Workaround* (C.D. Cal. 2025/2026):** Invalidating supervisory actions and filings executed by an Acting United States Attorney holding office in violation of statutory time limits.

**C. The Three Preserved Tiers of Statutory FVRA / Appointments Clause Violations**

This authority directly establishes that Defendant was prosecuted under three overlapping tiers of *ultra vires*, non-compliant authority:

- **Tier 1: The SSA Substantive Predicate (Nancy Berryhill):**

  As confirmed by GAO Report B-329853, Acting SSA Commissioner Nancy Berryhill served in violation of the FVRA beginning November 17, 2017. Under 5 U.S.C. § 3348(d), actions taken during non-compliant acting service "shall have no force or effect" and cannot be ratified. Berryhill's unlawful ratification of approximately 1,600 Administrative Law Judges on

July 16, 2018, and downstream SSA disqualification proceedings during this period were legally void *ab initio*. Because the agency's authority was legally non-existent under § 3348(d), Count 6 charged false statements to an agency functioning without constitutional authority.

- **Tier 2: The Charging Authority at Inception (Tracy L. Wilkison – Exhibit A):**

The Indictment in this case was returned and supervised under an Acting United States Attorney tenure in the Central District of California (Tracy L. Wilkison) in direct violation of 28 U.S.C. § 546 and the FVRA. This precise structural defect was formally preserved by Defendant on April 3, 2023, via his signed Counter Plea Agreement (**Exhibit A**), which explicitly put the Government and this Court on notice that Wilkison was never Senate-confirmed, exceeded statutory acting limits under 5 U.S.C. §§ 3345–3346, and was disqualified under 5 U.S.C. § 3348(b)(2), rendering the Indictment void *ab initio*. Under *Jackson*, *Comey*, and *Sarcone*, charging instruments returned without lawful supervisory authority must be dismissed.

- **Tier 3: The Trial and Sentencing Authority (October 2025 – June 2026):**

The trial proceedings and sentencing in this District were executed under an unconstitutional administrative workaround:

1. **The Trial Supervisory Authority:** During the October 2025 trial, the prosecution was conducted under Acting United States Attorney Bilal A. Essayli (Tr. Vol. 1 at 2, Vol. 2 at 238, Vol. 3 at 475). Essayli assumed office on April 2, 2025; under 28 U.S.C. § 546(c)(2) and the FVRA (5 U.S.C. § 3346), an interim United States Attorney appointment expires after 120 days (July 30, 2025). Essayli's continued exercise of U.S. Attorney powers through an internal "Acting" re-designation during trial in October 2025 fell squarely within the unlawful workaround doctrine rejected in *Jackson* and *Sarcone*.
2. **The Department of Justice Head at Sentencing:** At the time of Defendant's sentencing on June 4, 2026, the Department of Justice was operating under Acting Attorney General Todd Blanche. Blanche assumed acting control on April 2, 2026, without Senate confirmation, executing policy directives and criminal oversight outside constitutional Appointments Clause boundaries before the Senate acted on his nomination. Under *Jackson* and *Sarcone*, actions executed during non-compliant acting tenures carry no lawful force.

**D. Record Preservation and Non-Waivability of Structural Appointments Clause Defects**

Defendant explicitly preserved these structural challenges on the record:

1. **Pre-Trial Formal Notice (Exhibit A):** On April 3, 2023, Defendant formally tendered his signed Counter Plea Agreement (**Exhibit A**), documenting that Acting U.S. Attorney Tracy L. Wilkison's appointment violated 5 U.S.C. §§ 3345 and 3346, rendering the Indictment void under 5 U.S.C. § 3348(d).
2. **Trial Objections to Agency Authority:** Defendant timely objected to the testimony of SSA witness Stacy Wiesbrock and the Government's authority under the GAO report, arguing that Berryhill was unconstitutionally seated and all downstream actions were void under the FVRA (Tr. Vol. 2 at 419:24–420:6; 449:18–450:23).
3. **Sentencing Allocution:** Defendant raised Berryhill's illegal tenure under 5 U.S.C. § 3348 on the record before Judge Kronstadt (June 4, 2026 Sent. Tr. at 9:24–10:7; 16:22–17:10).
4. **Pretrial and Mid-Trial Jurisdictional Challenges:** Preserved under Rule 12(b)(3) challenging the court's jurisdiction and the Government's authority to prosecute (Tr. Vol. 6 at 790:24–793:25; Dkt. 268, 269, 271, 290).

5. **Non-Waivable Structural Error:** Under Fed. R. Crim. P. 12(b)(2) and *Freytag v. Commissioner*, 501 U.S. 868, 878–79 (1991), structural Appointments Clause defects and lack of subject-matter jurisdiction may be raised at any stage because they affect the fundamental integrity of the judicial process.

**E. Unopposed Qui Tam Reopening Confirming Retaliatory Targeting**

In Defendant's parallel False Claims Act action, *United States ex rel. Moffatt v. SSA*, No. 2:20-cv-03525-VBF-DFM, Defendant moved to reopen his Qui Tam action based on Berryhill's $40 billion in non-ratified expenditures (Dkt. 17, 20). Pursuant to Judge Fairbank's May 7, 2026 Order (Dkt. 18), the Government was ordered to respond by June 15, 2026. The Government completely defaulted, and under Central District Local Rule 7-12, this failure to oppose constitutes absolute consent to reopening. The criminal charges brought against Defendant were initiated to preempt and retaliate against his protected whistleblower disclosures, in direct violation of federal whistleblower protections.

**IV. Structural Grand Jury and Process Defects Mandating Bail Pending Appeal**

Under 18 U.S.C. § 3143(b) and *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985), release pending appeal is required because Defendant's appeal raises substantial, fairly debatable questions of law:

1. **Fatal Structural Defect in the Indictment (Omission of Grand Jury Charge on Count 6):**

   Under the Grand Jury Clause of the Fifth Amendment and Fed. R. Crim. P. 7(c)(1), a defendant can only be tried and convicted on offenses formally charged by the grand jury. In the operative Indictment, while Counts 1 through 5 explicitly contain formal presentment language ("The Grand Jury charges: COUNTS ONE THROUGH FIVE"), Count 6 on Page 7 entirely omits the foundational operational word "CHARGE" or "CHARGES." Paragraph 17 merely states that the grand jury "realleges paragraphs 1 through 15." Without an operative charging clause, the grand jury never returned a true bill charging Count 6. Under *Stirone v. United States*, 361 U.S. 212, 215–17 (1960), and *Russell v. United States*, 369 U.S. 749, 763 (1962), trying a defendant on an uncharged count is a non-waivable structural error depriving the court of jurisdiction.

2. **Void Arrest Warrants Lacking Judicial Signatures Under Rule 4(b)(1)(D) (Dkt. 3, 17):**

Federal Rule of Criminal Procedure 4(b)(1)(D) commands that an arrest warrant must "be signed by a judge." Both the initial warrant (Dkt. 3) and subsequent warrant (Dkt. 17) completely lack a judge’s wet signature or electronic "/s/" signature, displaying only a mechanically typewritten name. Under the Fourth and Fifth Amendments, this defect rendered the process void *ab initio*.

3. **Suborned Felony Extortion Taint (Civil Appeal No. 26-2839, Exhibits 55, 58, 59):**

As established in Defendant's Second Amended Opening Brief in Ninth Circuit Case No. 26-2839, the underlying Arizona disbarment predicate was procured through a third-degree felony extortion scheme under NMSA § 30-16-9 orchestrated by Lisa Childers and Hershel Spurlin, where Spurlin confessed on audio to demanding cash under threat of filing state bar complaints (Civil Ex. 58, 59). The New Mexico Disciplinary Board dismissed the complaint in December 2013, confirming no attorney-client relationship existed (Civil Ex. 55). Under *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 839, 846 (1945), a proceeding rooted in criminal extortion is void.

4. **Sworn Trial Record Concessions on Authorized Representation:**

At trial, AUSA Lachman and SSA Attorney Stacy Wiesbrock conceded under oath that under 20 C.F.R. § 404.1705(a) and agency procedures, Defendant remained authorized to represent claimants and earn fees during administrative appeals until January 30, 2024 (Tr. Vol. 2 at 451:7–11; Vol. 3 at 502:1–507:15). This admission directly undermines the 8-level sentencing loss enhancement ($113,146) under U.S.S.G. § 2B1.1.

5. **Exclusion of Objective Medical / TBI Evidence Negating Specific Intent:**

The categorical exclusion of CT scan records and percipient lay testimony regarding Defendant's traumatic brain injury and memory deficits deprived Defendant of a defense to specific intent under *United States v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994) (Trial Tr. at 7–12, 650).

6. **Absence of BOP Designation:**

As of September 2, 2026, Defendant has received no facility designation or reporting instructions from the Bureau of Prisons or U.S. Marshals Service, despite this Court's recommendation for FCI Lompoc or Terminal Island (Sent. Tr. at 37:21–38:2).

**V. Conclusion**

Because Defendant has maintained compliance on release for over five years, provided monthly check ins, was subject to in person visits, as well as office visits, poses zero flight risk or danger, and his appeal raises substantial, fairly debatable constitutional and statutory questions governed by controlling Ninth and Second Circuit decisions, an extension of the self-surrender date is necessary.

Defendant respectfully requests that the Court extend his self-surrender date by sixty (60) days, to November 30, 2026, or until thirty (30) days following the issuance of the Ninth Circuit's mandate on his pending F.R.A.P. 9(b) motion.

Dated: September 2, 2026
Respectfully submitted,

/s/ Jeffrey Dean Moffatt
JEFFREY DEAN MOFFATT
Ret.20 year Federal Attorney
Defendant-Appellant In Propria Persona

**Declaration of Jeffrey Dean Moffatt**

I, Jeffrey Dean Moffatt, declare under penalty of perjury as follows:

1. I am the Defendant-Appellant in the above-captioned criminal matter, proceeding In Propria Persona with Special Counsel Humberto Diaz, following consultation with retained appellate counsel Craig H. Durham.
2. For over five years, I have maintained compliance with all conditions of pretrial and presentence release. At the June 4, 2026 sentencing hearing, the Government conceded on the record that I pose no flight risk and no danger to the community.
3. Following the District Court's denial of bail pending appeal, appellate counsel Craig H. Durham of Ferguson Durham, PLLC, filed a Motion to Remain on Release Pending Appeal Pursuant to F.R.A.P. 9(b) (Ninth Circuit No. 26-3857). Briefing concluded on August 31, 2026, with the filing of Appellant's Reply Brief (Docket Entry 10.1). That motion is submitted and awaiting decision before the Ninth Circuit motions panel.
4. Appellate counsel conferred with AUSA David C. Lachman regarding a stipulation to extend my September 30, 2026 surrender date pending the Ninth Circuit's ruling. AUSA Lachman stated that the Government opposes any extension or stay.

5. On August 17, 2026, the Ninth Circuit decided *United States v. Jackson*, Nos. 25-6470, 25-6475, and on August 21, 2026, the Second Circuit decided *Sarcone v. Office of the Attorney General*, No. 26-156, both holding that executive workarounds circumventing the Federal Vacancies Reform Act (FVRA) and Appointments Clause render downstream agency actions void *ab initio*. These decisions directly overrule the legal basis upon which this Court excluded my FVRA and Nancy Berryhill defenses at trial and sentencing.
6. This prosecution was conducted under three unconstitutional tiers of acting officials: (a) Acting SSA Commissioner Nancy Berryhill, whose non-compliant tenure beginning November 17, 2017, rendered downstream actions void under 5 U.S.C. § 3348(d); (b) an Acting United States Attorney tenure at charging in May 2021 (Tracy L. Wilkison) operating without presidential nomination or Senate confirmation, which I formally preserved on April 3, 2023 via my signed Counter Plea Agreement (**Exhibit A**); and (c) an unconstitutional supervisory tenure during my October 2025 trial under Acting U.S. Attorney Bilal A. Essayli (whose statutory 120-day appointment under 28 U.S.C. § 546 expired on July 30, 2025, prior to trial) and at sentencing on June 4, 2026, under Acting Attorney General Todd Blanche (serving unconfirmed from April 2, 2026, past statutory limits).

7. I preserved these structural objections on the record during trial (Tr. Vol. 2 at 419:24–420:6; 449:18–450:23), during sentencing (June 4, 2026 Sent. Tr. at 9:24–10:7; 16:22–17:10), in pretrial filings via Exhibit A, and in trial motions (Tr. Vol. 6 at 790:24–793:25; Dkt. 268, 269, 271, 290). Structural Appointments Clause defects are non-waivable under *Freytag v. Commissioner*, 501 U.S. 868 (1991), and Fed. R. Crim. P. 12(b)(2).

8. In my parallel qui tam action, *United States ex rel. Moffatt v. SSA*, No. 2:20-cv-03525-VBF-DFM, Defendants defaulted on my Motion to Reopen [Dkt. 17], which under Local Rule 7-12 constitutes consent to reopening. The prosecution brought against me was in retaliation for uncovering Berryhill's non-ratified agency expenditures.

9. In my parallel civil appeal, *Moffatt v. State Bar of Arizona et al.*, Ninth Circuit Docket No. 26-2839, I have filed my Opening Brief and Consolidated Excerpts of Record comprising Exhibits 1 through 60, establishing that the underlying state disbarment was procured through felony extortion under NMSA § 30-16-9 (Civil Ex. 58, 59), which the New Mexico Disciplinary Board dismissed in December 2013 (Civil Ex. 55), and executed through mail notice defect violating the 20-day rule of Arizona Supreme Court Rule 58(b) (Civil Ex. 11, 13).

10. An examination of the criminal Indictment reveals that Count 6 completely omits the operational charging language of the grand jury, violating the

Fifth Amendment Grand Jury Clause. Furthermore, the arrest warrants at Docket Entries 3 and 17 completely lack a judge's wet or electronic signature, displaying only a typewritten name in violation of Fed. R. Crim. P. 4(b)(1)(D) and the Fourth and Fifth Amendments.

11. At sentencing on June 4, 2026, this Court stated on the record: "If I determine that the — there is not a substantial basis for the appeal, I would likely provide time — an opportunity for Mr. Moffatt to seek review of that before the Ninth Circuit and through the normal process. And so if that were to happen, I would address that potentially by either — potentially extending the date for the self-surrender" (Sent. Tr. at 32:24–33:11).

12. As of September 2, 2026, I have received no facility designation or reporting instructions from the Bureau of Prisons or U.S. Marshals Service.

13. An extension of my surrender date is necessary to preserve the status quo, prevent mootness, and allow the Ninth Circuit to adjudicate my submitted F.R.A.P. 9(b) motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026, at Palmdale, California.

/s/ Jeffrey Dean Moffatt
JEFFREY DEAN MOFFATT
Declarant

**By:**
**/s/**______
JEFFREY DEAN MOFFATT, TBI, JD, MBA, BS and LL.M (Propria Persona)
Ret. 20 year Federal Attorney
1070 West Barrel Springs Road, Box 11
Palmdale, CA 93551
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-2417

CERTIFICATE OF SERVICE

Case Name: United States of America v. Jeffrey Dean Moffatt Case Number: 2:21-cr-00335-JAK-1

I, Jeffrey Dean Moffatt, declare under penalty of perjury as follows: I am over the age of 18 and a party to the above-entitled action. My address is 1070 West Barrel Springs Road, Box 11, Palmdale, CA 93551. On September 2, 2026, I served the following document(s): DEFENDANT-APPELLANT'S EX PARTE APPLICATION TO EXTEND SELF-SURRENDER DATE AND STAY EXECUTION OF SENTENCE PENDING ADJUDICATION OF NINTH CIRCUIT BAIL REVIEW (18 U.S.C. § 3143(b) / F.R.A.P. 9(b)), THREE PRESERVED TIERS OF STATUTORY FVRA / APPOINTMENTS CLAUSE INVALIDITY (EXHIBIT A), FATAL INDICTMENT DEFECTS, ARREST WARRANT NULLITY, AND PARALLEL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEFENDANT on special/standby counsel of record and opposing counsel by transmission as set forth below:

1. TRANSMISSION TO SPECIAL COUNSEL FOR CM/ECF (PACER) FILING: I transmitted an electronic copy of the foregoing document(s) via electronic mail to special/standby counsel for Defendant, with directions to electronically file the document on the CM/ECF (PACER) system of the United

States District Court for the Central District of California: Humberto Diaz, Esq. Law Offices of Humberto Diaz 714 West Olympic Boulevard, Suite 610 Los Angeles, CA 90015 Email: hdiaz@hdiazlaw.com

2. ELECTRONIC SERVICE VIA CM/ECF UPON FILING: Upon submission by counsel Humberto Diaz, filing will be accomplished through the Court's Electronic Case Filing (CM/ECF / PACER) system, which will cause automatic electronic service of a Notice of Electronic Filing (NEF) upon all registered counsel of record, including: David C. Lachman, AUSA Nisha Chandran, AUSA Office of the United States Attorney Central District of California 312 North Spring Street Los Angeles, CA 90012 Email: david.lachman@usdoj.gov; nisha.chandran@usdoj.gov

3. COURTESY COPY TO RETAINED APPELLATE COUNSEL: A true and correct copy was also transmitted via electronic mail to retained appellate counsel for Defendant before the Ninth Circuit Court of Appeals: Craig H. Durham, Esq. Ferguson Durham, PLLC 223 N. 6th Street, Suite 325 Boise, ID 83702 Email: chd@fergusondurham.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 2, 2026, at Palmdale, California.

/s/ Jeffrey Dean Moffatt ________________________________

JEFFREY DEAN MOFFATT Declarant / Defendant-Appellant In Propria Persona