TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5564
Facsimile: (213) 894-2927
E-mail: david.lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | No. 2:21-cr-00335-JAK<br><br><u>OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO EXTEND SELF-SURRENDER DATE AND STAY EXECUTION OF SENTENCE</u> |

## I. INTRODUCTION

Defendant Jeffrey Dean Moffatt ("defendant") asks the Court to extend his September 30, 2026 self-surrender date by sixty days, or indefinitely until thirty days after the Ninth Circuit rules on his pending motion for release pending appeal. (Dkt. 402 at 2, 17.) His principal ground is that the Court "expressly anticipated" such an extension at sentencing. (Id. at 5.) At that hearing, the Court reserved the possibility of an extension -- but only "if necessary" to allow Ninth Circuit review of a denial of bail pending appeal -- and then set a self-surrender date nearly four months in the future.

(Dkt. 378; Dkt. 397 ("Sent. Tr.") at 33:4–15.) The question the application presents, then, is whether an extension is necessary. It is not, for two reasons.

First, defendant's Ninth Circuit motion is fully briefed and submitted to a motions panel, which must decide it promptly, with a month remaining before the surrender date. If the panel needs more time, the Ninth Circuit's own rules provide for a motion to stay the surrender date -- relief defendant has not sought there. An application premised on the assumption that the Ninth Circuit will not act in time is premature.

Second, the application's remaining arguments -- challenges to the authority of acting officials, to the indictment and arrest warrants, to the Arizona disbarment, and to his disqualification from practice before the SSA -- do not bear on the surrender date. This Court has already rejected them, and defendant did not raise them as grounds for bail pending appeal in this Court or the Ninth Circuit. (Dkt. 381; United States v. Moffatt, No. 26-3857, Dkt. 7.1 (9th Cir.).)

The application should be denied.

## II. ARGUMENT

### A. An Extension of the Self-Surrender Date Is Not Necessary

The government does not dispute that the Court contemplated the possibility of an extension of defendant's self-surrender date. What matters is what the Court conditioned it on, and whether such an extension is in fact necessary.

The Court provided an opportunity for appellate review by setting defendant's self-surrender date almost four months after his sentencing, and indicated that the self-surrender date "may be

extended if necessary to have any appellate review of the denial completed." (Dkt. 378.) The Court then promptly decided defendant's motion for bail pending appeal, issuing a written order on July 6, 2026, finding that he had not shown a substantial question and "has not met his burden to show that his appeal 'is not for purpose of delay.'" (Dkt. 384 at 7.) The Court ordered that the September 30 self-surrender date "remains in place." (Id.)

The Court's acknowledgment at sentencing of the possibility of an extension of the self-surrender date to allow for appellate review of its bail order was narrow. It was not a promise of additional time; it was a recognition that additional time might be needed if appellate review of a denial could not be completed within the four months the Court had already allowed. But defendant's motion in the court of appeals was filed on August 12, opposed on August 24, and replied to on August 31. (9th Cir. Dkt. 7.1, 9.1, 10.1.) It has been submitted to a motions panel with a month remaining before his self-surrender date. And the appellate rules require an expeditious ruling: review of a post-judgment release order is "subject to Rule 9(a)," Fed. R. App. P. 9(b), under which "the court of appeals must promptly determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present," Fed. R. App. P. 9(a)(2). Nothing about defendant's motion for bail pending appeal -- on a single count of conviction -- suggests the panel needs more time than it has. If the Ninth Circuit grants the motion, defendant will remain on bond, and the question of an extension will be moot. If it denies the motion, the surrender date will stand as this Court ordered. In either event, this Court would be acting now on a contingency that may never arise.

Defendant's contrary premise -- that a fully briefed motion in the court of appeals cannot be decided in a month -- is speculation, not a showing of necessity. And should the Ninth Circuit find that it cannot resolve the motion in time, its own rules supply the remedy. The advisory committee note to Circuit Rule 9-1.2 recognizes that a defendant may file "a motion to stay a self-surrender date" pending that court's ruling on release pending appeal, and explains that the former provision for an automatic stay was abrogated in 2024. 9th Cir. R. 9-1.2 advisory comm. note. Defendant has not sought that relief. His motion in the Ninth Circuit did not request a stay of the surrender date, and his reply represented that the motion was filed "well before Moffatt's surrender date." (9th Cir. Dkt. 10.1 at 12–13.) The court positioned to know whether it needs more time is the court that has the motion, and defendant has told it that it does not.

Nor is this application the first time defendant has responded to an adverse ruling with filings designed to defer its effect. In 2025, as trial finally approached, defendant's filings multiplied. In March, his wife noticed an interlocutory appeal that this Court certified as frivolous and that the Ninth Circuit dismissed while barring further filings. (Dkt. 138, 143.) In May, defendant filed a deficient pre-judgment notice of appeal of his own (Dkt. 148, 151), unsuccessfully moved to stay the proceedings (Dkt. 156, 157), and twice failed to appear at status conferences (Dkt. 152). In September, on the eve of trial, he filed yet another appeal, which this Court certified was "improper in light of the absence of any final judgment." (Dkt. 241.) The week before trial, he moved to suppress the government's entire discovery production or to vacate

the trial date. (Dkt. 260, 264, 268, 269.) And on the eve of sentencing came another wave of ex parte applications, including one to dismiss the case. (Dkt. 370–373.) This application is but the latest instance.

**B. Defendant's Remaining Arguments Have Already Been Rejected by This Court, Were Not Raised as Grounds for Bail Pending Appeal, and Provide No Basis to Extend the Surrender Date**

The balance of defendant's ex parte application renews arguments this Court has already decided. Defendant contends that the prosecution is void because the SSA Commissioner, two United States Attorneys, and the Attorney General served in violation of the Federal Vacancies Reform Act; that Count 6 omits a charging clause; that the arrest warrants lack a judge's signature; that the Arizona disbarment was procured by extortion; and that he remained authorized to practice before the SSA until January 30, 2024. (Dkt. 402 at 6–16.) Each has been presented to this Court and rejected. (See, e.g., Dkt. 227 (arrest warrants and acting United States Attorney); Dkt. 341 at 8–10 (authorization to practice before SSA, Berryhill, and Arizona disbarment); Dkt. 378 (renewed challenges to conviction); Dkt. 384 at 3-5 (acting United States Attorney, grand jury proceedings, and Count 6).) An ex parte application to extend a surrender date is not a vehicle to relitigate those rulings.

Moreover, none of these arguments was raised in defendant's motion for release pending appeal in this Court (see Dkt. 381), and none of them was presented to the Ninth Circuit (9th Cir. Dkt. 7.1).[1]

[1] Defendant's motion in this Court rested on Rule 6 grand jury irregularities and three evidentiary challenges. (Dkt. 381.) His motion in the Ninth Circuit presents four issues: the exclusion of medical evidence, the Court's handling of counsel and self-representation, the denial of a continuance, and the loss calculation at sentencing. (9th Cir. Dkt. 7.1.)

Because his pending motion for release pending appeal in the Ninth Circuit will not decide the arguments on which this ex parte application relies, they provide no grounds for delaying surrender.[2]

Defendant's remaining point -- that he has not yet received a designation from the Bureau of Prisons (Dkt. 402 at 16) -- is answered by the judgment. The Court directed that if no facility has been designated by September 30, defendant is to surrender to the United States Marshal at the First Street U.S. Courthouse in Los Angeles. (Dkt. 379; Sent. Tr. at 34:13-19, 39:6-11.) The absence of a designation is not a reason to delay surrender.

**III. CONCLUSION**

The Court set a surrender date with Ninth Circuit review in mind, confirmed that date after denying release pending appeal, and gave defendant the full opportunity for appellate review it

//

//

---

[2] The one argument in the application that is before the Ninth Circuit -- the exclusion of medical evidence (Dkt. 402 at 16) -- confirms the point: that issue is fully briefed there, and the government explained why it does not present a substantial question. (9th Cir. Dkt. 9.1 at 12-15.) This Court need not revisit it here.

contemplated. That review is underway, and nothing suggests it will not conclude before September 30. Defendant's application to extend the self-surrender date and stay execution of the sentence should be denied.

Dated: September 2, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

/s/
DAVID C. LACHMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA