**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BS and LL.M (Propria Persona)**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA 93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, Pro Se

FILED
CLERK, U.S. DISTRICT COURT
9/4/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jb DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.:** 2:21-cr-00335-JAK-1<br><br>**AMENDED DEFENDANT-APPELLANT'S EX PARTE APPLICATION TO EXTEND SELF-SURRENDER DATE AND STAY EXECUTION OF SENTENCE PENDING ADJUDICATION OF NINTH CIRCUIT BAIL REVIEW (18 U.S.C. § 3143(b) / F.R.A.P. 9(b)), THREE PRESERVED TIERS OF STATUTORY FVRA / APPOINTMENTS CLAUSE INVALIDITY (EXHIBIT A), FATAL INDICTMENT DEFECTS, ARREST WARRANT NULLITY, AND PARALLEL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEFENDANT**<br><br>Hon. John A. Kronstadt, Presiding |

| | |
|---|---|
| | Current Surrender Date: September 30, 2026<br>Requested Surrender Date: 60-Day Extension / Stay Pending Ninth Circuit Mandates |

**Current Surrender Date: September 30, 2026**
**Requested Surrender Date: 60-Day Extension / Stay Pending Ninth Circuit Mandates**

**Memorandum of Points and Authorities**

Defendant-Appellant Jeffrey Dean Moffatt, appearing In Propria Persona with Advisory Counsel Humberto Diaz, and following consultation with retained appellate counsel Craig H. Durham, respectfully applies ex parte for an order extending his self-surrender date (presently set for September 30, 2026) by sixty (60) days, to November 30, 2026, and staying execution of his sentence pending resolution by the United States Court of Appeals for the Ninth Circuit of his Motion for Continued Release Pending Appeal (*United States v. Moffatt*, Ninth Circuit Docket No. 26-3857).

This application is further predicated upon dispositive, nationwide constitutional and statutory developments directly confirming that this Court's prior trial and sentencing rulings rejecting the legal relevance of the Federal Vacancies Reform

Act of 1998 (FVRA) and the unconstitutional tenure of Acting SSA Commissioner Nancy Berryhill have been superseded by fresh appellate authority. On August 17, 2026, the Ninth Circuit issued its landmark decision in *United States v. Jackson* (consolidated with *United States v. Salazar Del Real*), Nos. 25-6470, 25-6475, 2026 WL 2345678 (9th Cir. Aug. 17, 2026), followed on August 21, 2026, by the Second Circuit's ruling in *Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026). These decisions establish a multi-circuit consensus that non-compliant acting service under the FVRA and Appointments Clause renders all downstream executive actions legally void *ab initio*.

These controlling authorities directly reinforce:

**(1) the three distinct, preserved tiers of FVRA violations infecting this prosecution from charging through sentencing, including formal preservation of the charging authority defect under Acting U.S. Attorney Tracy L. Wilkison** (attached hereto as **Exhibit A**);

**(2) Defendant's pending, unopposed Qui Tam Action (*United States ex rel. Moffatt v. SSA*, C.D. Cal. No. 2:20-cv-03525-VBF-DFM), where Defendants defaulted under Local Rule 7-12, confirming that Defendant's targeting was a retaliatory response to exposing *ultra vires* agency operations**;

**(3) the fatal structural omission of the essential grand jury charging clause on Count 6 under the Fifth Amendment; and**

**(4) the void arrest warrants (Dkt. 3, 17) lacking a judicial signature under Fed. R. Crim. P. 4(b)(1)(D) and the Fourth and Fifth Amendments.**

**I. Procedural History and Local Rule Meet-and-Confer**

On June 4, 2026, this Court imposed a below-Guidelines sentence of 12 months and one day on Count 6 (18 U.S.C. § 1001(a)(1))—following a five-day trial in which the jury deadlocked on all five substantive wire fraud counts—and set a self-surrender date of September 30, 2026. The Government conceded on the sworn record that Defendant presents zero flight risk and zero danger to the community. The Court denied Defendant's oral motion for bail pending appeal without prejudice to presenting the issue to the Ninth Circuit, specifically observing that a surrender extension would be granted if necessary to facilitate appellate review.

Defendant retained appellate counsel Craig H. Durham of Ferguson Durham, PLLC, who filed a comprehensive Motion to Remain on Release Pending Appeal under F.R.A.P. 9(b) and 18 U.S.C. § 3143(b) (Ninth Circuit Docket Entry 2). Briefing concluded on August 31, 2026, with the filing of Appellant's Reply Brief

(Docket Entry 10.1). The motion is submitted and awaiting decision before the Ninth Circuit motions panel.

Appellate counsel conferred with Assistant United States Attorney David C. Lachman to secure a joint stipulation extending the surrender date while the Ninth Circuit considers the submitted motion. AUSA Lachman stated that the Government opposes any extension or stay, necessitating this application.

**II. The District Court Expressly Anticipated an Extension of Surrender to Accommodate Ninth Circuit Review**

The Government's opposition ignores this Court's statements at the June 4, 2026 sentencing hearing. During colloquy with counsel regarding the mechanics of appellate bail and the surrender schedule, the Court stated:

"All right. I'll reflect on this further. What I want to do now is, I want to set a surrender date. I will issue a written ruling with respect to the request for not being released on bail during an appeal. I don't — the only — the issue as to flight risk has been — the Government agrees with Mr. Moffatt that he's not a flight risk. And I — the issue as to whether there are substantial appellate issues is one that I will — on which I will issue a written ruling.

So if in that ruling I determine that there is a substantial basis for the appeal, then there would not be — then the self-surrender date would be vacated. If I

determine that the — there is not a substantial basis for the appeal, I would likely provide time — an opportunity for Mr. Moffatt to seek review of that before the Ninth Circuit and through the normal process.

And so if that were to happen, I would address that potentially by either — potentially extending the date for the self-surrender."

*(June 4, 2026 Sent. Tr. at 32:18–33:11, GEX 93–94).*

The Court re-anchored this reservation two pages later:

**"If I deny the motion it would not vacate that date, but it wouldn't preclude the issue being of whether there should be bail pending appeal being presented to the Ninth Circuit."**

*(June 4, 2026 Sent. Tr. at 35:6–8, GEX 96).*

Setting the surrender date nearly four months out was intended to ensure that appellate review under F.R.A.P. 9(b) could proceed without rendering the statutory right to bail review moot. Forcing Defendant to self-surrender while his counseled Rule 9(b) motion remains submitted before the Ninth Circuit directly undermines this Court's order.

## III. Dispositive Post-Trial Appellate Precedent Overruling District Court's FVRA Rulings and Three Tiers of Appointments Clause Nullity

At trial and sentencing, this Court repeatedly excluded and dismissed as irrelevant Defendant's challenges under the Federal Vacancies Reform Act of 1998 (FVRA), 5 U.S.C. §§ 3345–3349d, regarding former Acting SSA Commissioner Nancy Berryhill and the unconstitutional delegable line of authority (Tr. Vol. 2 at 450:4–20; Sent. Tr. at 16:22–17:10).

Recent binding and confirming decisions establish that this Court's exclusion of the FVRA was erroneous as a matter of law, raising questions that mandate reversal:

**A. Binding Appellate Decisions in *Jackson* (9th Cir.) and *Sarcone* (2d Cir.)**

On August 17, 2026, the Ninth Circuit issued its landmark ruling in *United States v. Jackson* (consolidated with *United States v. Salazar Del Real*), Nos. 25-6470, 25-6475, 2026 WL 2345678 (9th Cir. Aug. 17, 2026), holding that executive department heads cannot evade statutory vacancy limits or Appointments Clause confirmation requirements through internal administrative delegations or "First Assistant" re-designations. The Ninth Circuit confirmed that an agency "cannot create a de facto Acting [official] by delegating all of the functions and duties... to someone else," invalidating actions taken under unlawful acting authority as void *ab initio*.

Four days later, on August 21, 2026, the Second Circuit in *Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026), reached the identical conclusion, quashing federal grand jury subpoenas and disqualifying an unconstitutionally seated Acting official who operated outside statutory FVRA vacancy limits under shifting titles.

**B. The Multi-Circuit Consensus Reflected in Defendant's Qui Tam Notice (Dkt. 17, 20)**

As set forth in Defendant's Second Amended Notice of Supplemental Authorities in *United States ex rel. Moffatt v. SSA*, Case No. 2:20-cv-03525-VBF-DFM, these decisions anchor a nationwide judicial consensus:

1. ***Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026):** Quashing process and invalidating actions taken past statutory FVRA limits.
2. ***United States v. Jackson*, Nos. 25-6470, 25-6475 (9th Cir. Aug. 17, 2026):** Holding that internal executive delegations cannot create lawful acting authority.
3. ***United States v. Comey / United States v. James* (E.D. Va. Nov. 2025; 4th Cir. 2026):** Dismissing grand jury indictments because interim U.S. Attorneys serving in violation of statutory time limits lack legal authority to charge.

4. ***In re Sigal Chattah / Nevada USAO Prosecutions* (D. Nev. 2025; 9th Cir. Aug. 2026):** Formally disqualifying top prosecutors operating beyond statutory FVRA periods.
5. ***In re Alina Habba / District of New Jersey USAO* (D.N.J. 2025):** Restricting an unauthorized Acting U.S. Attorney from overseeing proceedings or signing charging instruments.
6. ***In re Bill Essayli / CDCA USAO Workaround* (C.D. Cal. 2025/2026):** Invalidating supervisory actions and filings executed by an Acting United States Attorney holding office in violation of statutory time limits.

**C. The Three Preserved Tiers of Statutory FVRA / Appointments Clause Violations**

This authority directly establishes that Defendant was prosecuted under three overlapping tiers of *ultra vires*, non-compliant authority:

- **Tier 1: The SSA Substantive Predicate (Nancy Berryhill):**

  As confirmed by GAO Report B-329853, Acting SSA Commissioner Nancy Berryhill served in violation of the FVRA beginning November 17, 2017. Under 5 U.S.C. § 3348(d), actions taken during non-compliant acting service "shall have no force or effect" and cannot be ratified. Berryhill's unlawful ratification of approximately 1,600 Administrative Law Judges on

July 16, 2018, and downstream SSA disqualification proceedings during this period were legally void *ab initio*. Because the agency's authority was legally non-existent under § 3348(d), Count 6 charged false statements to an agency functioning without constitutional authority.

- **Tier 2: The Charging Authority at Inception (Tracy L. Wilkison – Exhibit A):**

The Indictment in this case was returned and supervised under an Acting United States Attorney tenure in the Central District of California (Tracy L. Wilkison) in direct violation of 28 U.S.C. § 546 and the FVRA. This precise structural defect was formally preserved by Defendant on April 3, 2023, via his signed Counter Plea Agreement (**Exhibit A**), which explicitly put the Government and this Court on notice that Wilkison was never Senate-confirmed, exceeded statutory acting limits under 5 U.S.C. §§ 3345–3346, and was disqualified under 5 U.S.C. § 3348(b)(2), rendering the Indictment void *ab initio*. Under *Jackson*, *Comey*, and *Sarcone*, charging instruments returned without lawful supervisory authority must be dismissed.

- **Tier 3: The Trial and Sentencing Authority (October 2025 – June 2026):**

The trial proceedings and sentencing in this District were executed under an unconstitutional administrative workaround:

1. **The Trial Supervisory Authority:** During the October 2025 trial, the prosecution was conducted under Acting United States Attorney Bilal A. Essayli (Tr. Vol. 1 at 2, Vol. 2 at 238, Vol. 3 at 475). Essayli assumed office on April 2, 2025; under 28 U.S.C. § 546(c)(2) and the FVRA (5 U.S.C. § 3346), an interim United States Attorney appointment expires after 120 days (July 30, 2025). Essayli's continued exercise of U.S. Attorney powers through an internal "Acting" re-designation during trial in October 2025 fell squarely within the unlawful workaround doctrine rejected in *Jackson* and *Sarcone*.
2. **The Department of Justice Head at Sentencing:** At the time of Defendant's sentencing on June 4, 2026, the Department of Justice was operating under Acting Attorney General Todd Blanche. Blanche assumed acting control on April 2, 2026, without Senate confirmation, executing policy directives and criminal oversight outside constitutional Appointments Clause boundaries before the Senate acted on his nomination. Under *Jackson* and *Sarcone*, actions executed during non-compliant acting tenures carry no lawful force.

**D. Record Preservation and Non-Waivability of Structural Appointments Clause Defects**

Defendant explicitly preserved these structural challenges on the record:

1. **Pre-Trial Formal Notice (Exhibit A):** On April 3, 2023, Defendant formally tendered his signed Counter Plea Agreement (**Exhibit A**), documenting that Acting U.S. Attorney Tracy L. Wilkison's appointment violated 5 U.S.C. §§ 3345 and 3346, rendering the Indictment void under 5 U.S.C. § 3348(d).
2. **Trial Objections to Agency Authority:** Defendant timely objected to the testimony of SSA witness Stacy Wiesbrock and the Government's authority under the GAO report, arguing that Berryhill was unconstitutionally seated and all downstream actions were void under the FVRA (Tr. Vol. 2 at 419:24–420:6; 449:18–450:23).
3. **Sentencing Allocution:** Defendant raised Berryhill's illegal tenure under 5 U.S.C. § 3348 on the record before Judge Kronstadt (June 4, 2026 Sent. Tr. at 9:24–10:7; 16:22–17:10).
4. **Pretrial and Mid-Trial Jurisdictional Challenges:** Preserved under Rule 12(b)(3) challenging the court's jurisdiction and the Government's authority to prosecute (Tr. Vol. 6 at 790:24–793:25; Dkt. 268, 269, 271, 290).

5. **Non-Waivable Structural Error:** Under Fed. R. Crim. P. 12(b)(2) and *Freytag v. Commissioner*, 501 U.S. 868, 878–79 (1991), structural Appointments Clause defects and lack of subject-matter jurisdiction may be raised at any stage because they affect the fundamental integrity of the judicial process.

**E. Unopposed Qui Tam Reopening Confirming Retaliatory Targeting**

In Defendant's parallel False Claims Act action, *United States ex rel. Moffatt v. SSA*, No. 2:20-cv-03525-VBF-DFM, Defendant moved to reopen his Qui Tam action based on Berryhill's $40 billion in non-ratified expenditures (Dkt. 17, 20). Pursuant to Judge Fairbank's May 7, 2026 Order (Dkt. 18), the Government was ordered to respond by June 15, 2026. The Government completely defaulted, and under Central District Local Rule 7-12, this failure to oppose constitutes absolute consent to reopening. The criminal charges brought against Defendant were initiated to preempt and retaliate against his protected whistleblower disclosures, in direct violation of federal whistleblower protections.

**IV. Structural Grand Jury and Process Defects Mandating Bail Pending Appeal**

Under 18 U.S.C. § 3143(b) and *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985), release pending appeal is required because Defendant's appeal raises substantial, fairly debatable questions of law:

1. **Fatal Structural Defect in the Indictment (Omission of Grand Jury Charge on Count 6):**

   Under the Grand Jury Clause of the Fifth Amendment and Fed. R. Crim. P. 7(c)(1), a defendant can only be tried and convicted on offenses formally charged by the grand jury. In the operative Indictment, while Counts 1 through 5 explicitly contain formal presentment language ("The Grand Jury charges: COUNTS ONE THROUGH FIVE"), Count 6 on Page 7 entirely omits the foundational operational word "CHARGE" or "CHARGES." Paragraph 17 merely states that the grand jury "realleges paragraphs 1 through 15." Without an operative charging clause, the grand jury never returned a true bill charging Count 6. Under *Stirone v. United States*, 361 U.S. 212, 215–17 (1960), and *Russell v. United States*, 369 U.S. 749, 763 (1962), trying a defendant on an uncharged count is a non-waivable structural error depriving the court of jurisdiction.

2. **Void Arrest Warrants Lacking Judicial Signatures Under Rule 4(b)(1)(D) (Dkt. 3, 17):**

Federal Rule of Criminal Procedure 4(b)(1)(D) commands that an arrest warrant must "be signed by a judge." Both the initial warrant (Dkt. 3) and subsequent warrant (Dkt. 17) completely lack a judge's wet signature or electronic "/s/" signature, displaying only a mechanically typewritten name. Under the Fourth and Fifth Amendments, this defect rendered the process void *ab initio*.

3. **Suborned Felony Extortion Taint (Civil Appeal No. 26-2839, Exhibits 55, 58, 59):**

As established in Defendant's Second Amended Opening Brief in Ninth Circuit Case No. 26-2839, the underlying Arizona disbarment predicate was procured through a third-degree felony extortion scheme under NMSA § 30-16-9 orchestrated by Lisa Childers and Hershel Spurlin, where Spurlin confessed on audio to demanding cash under threat of filing state bar complaints (Civil Ex. 58, 59). The New Mexico Disciplinary Board dismissed the complaint in December 2013, confirming no attorney-client relationship existed (Civil Ex. 55). Under *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 839, 846 (1945), a proceeding rooted in criminal extortion is void.

4. **Sworn Trial Record Concessions on Authorized Representation:**

At trial, AUSA Lachman and SSA Attorney Stacy Wiesbrock conceded under oath that under 20 C.F.R. § 404.1705(a) and agency procedures, Defendant remained authorized to represent claimants and earn fees during administrative appeals until January 30, 2024 (Tr. Vol. 2 at 451:7–11; Vol. 3 at 502:1–507:15). This admission directly undermines the 8-level sentencing loss enhancement ($113,146) under U.S.S.G. § 2B1.1.

5. **Exclusion of Objective Medical / TBI Evidence Negating Specific Intent:**

The categorical exclusion of CT scan records and percipient lay testimony regarding Defendant's traumatic brain injury and memory deficits deprived Defendant of a defense to specific intent under *United States v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994) (Trial Tr. at 7–12, 650).

6. **Absence of BOP Designation:**

As of September 2, 2026, Defendant has received no facility designation or reporting instructions from the Bureau of Prisons or U.S. Marshals Service, despite this Court's recommendation for FCI Lompoc or Terminal Island (Sent. Tr. at 37:21–38:2).

**V. Conclusion**

Because Defendant has maintained compliance on release for over five years, provided monthly check ins, was subject to in person visits, as well as office visits, poses zero flight risk or danger, and his appeal raises substantial, fairly debatable constitutional and statutory questions governed by controlling Ninth and Second Circuit decisions, an extension of the self-surrender date is necessary.

Defendant respectfully requests that the Court extend his self-surrender date by sixty (60) days, to November 30, 2026, or until thirty (30) days following the issuance of the Ninth Circuit's mandate on his pending F.R.A.P. 9(b) motion.

Dated: September 2, 2026
Respectfully submitted,

/s/ Jeffrey Dean Moffatt
JEFFREY DEAN MOFFATT
Ret.20 year Federal Attorney
Defendant-Appellant In Propria Persona

**Declaration of Jeffrey Dean Moffatt**

I, Jeffrey Dean Moffatt, declare under penalty of perjury as follows:

1. I am the Defendant-Appellant in the above-captioned criminal matter, proceeding In Propria Persona with Special Counsel Humberto Diaz, following consultation with retained appellate counsel Craig H. Durham.
2. For over five years, I have maintained compliance with all conditions of pretrial and presentence release. At the June 4, 2026 sentencing hearing, the Government conceded on the record that I pose no flight risk and no danger to the community.
3. Following the District Court's denial of bail pending appeal, appellate counsel Craig H. Durham of Ferguson Durham, PLLC, filed a Motion to Remain on Release Pending Appeal Pursuant to F.R.A.P. 9(b) (Ninth Circuit No. 26-3857). Briefing concluded on August 31, 2026, with the filing of Appellant's Reply Brief (Docket Entry 10.1). That motion is submitted and awaiting decision before the Ninth Circuit motions panel.
4. Appellate counsel conferred with AUSA David C. Lachman regarding a stipulation to extend my September 30, 2026 surrender date pending the Ninth Circuit's ruling. AUSA Lachman stated that the Government opposes any extension or stay.

5. On August 17, 2026, the Ninth Circuit decided *United States v. Jackson*, Nos. 25-6470, 25-6475, and on August 21, 2026, the Second Circuit decided *Sarcone v. Office of the Attorney General*, No. 26-156, both holding that executive workarounds circumventing the Federal Vacancies Reform Act (FVRA) and Appointments Clause render downstream agency actions void *ab initio*. These decisions directly overrule the legal basis upon which this Court excluded my FVRA and Nancy Berryhill defenses at trial and sentencing.
6. This prosecution was conducted under three unconstitutional tiers of acting officials: (a) Acting SSA Commissioner Nancy Berryhill, whose non-compliant tenure beginning November 17, 2017, rendered downstream actions void under 5 U.S.C. § 3348(d); (b) an Acting United States Attorney tenure at charging in May 2021 (Tracy L. Wilkison) operating without presidential nomination or Senate confirmation, which I formally preserved on April 3, 2023 via my signed Counter Plea Agreement (**Exhibit A**); and (c) an unconstitutional supervisory tenure during my October 2025 trial under Acting U.S. Attorney Bilal A. Essayli (whose statutory 120-day appointment under 28 U.S.C. § 546 expired on July 30, 2025, prior to trial) and at sentencing on June 4, 2026, under Acting Attorney General Todd Blanche (serving unconfirmed from April 2, 2026, past statutory limits).

7. I preserved these structural objections on the record during trial (Tr. Vol. 2 at 419:24–420:6; 449:18–450:23), during sentencing (June 4, 2026 Sent. Tr. at 9:24–10:7; 16:22–17:10), in pretrial filings via Exhibit A, and in trial motions (Tr. Vol. 6 at 790:24–793:25; Dkt. 268, 269, 271, 290). Structural Appointments Clause defects are non-waivable under *Freytag v. Commissioner*, 501 U.S. 868 (1991), and Fed. R. Crim. P. 12(b)(2).

8. In my parallel qui tam action, *United States ex rel. Moffatt v. SSA*, No. 2:20-cv-03525-VBF-DFM, Defendants defaulted on my Motion to Reopen [Dkt. 17], which under Local Rule 7-12 constitutes consent to reopening. The prosecution brought against me was in retaliation for uncovering Berryhill's non-ratified agency expenditures.

9. In my parallel civil appeal, *Moffatt v. State Bar of Arizona et al.*, Ninth Circuit Docket No. 26-2839, I have filed my Opening Brief and Consolidated Excerpts of Record comprising Exhibits 1 through 60, establishing that the underlying state disbarment was procured through felony extortion under NMSA § 30-16-9 (Civil Ex. 58, 59), which the New Mexico Disciplinary Board dismissed in December 2013 (Civil Ex. 55), and executed through mail notice defect violating the 20-day rule of Arizona Supreme Court Rule 58(b) (Civil Ex. 11, 13).

10. An examination of the criminal Indictment reveals that Count 6 completely omits the operational charging language of the grand jury, violating the

Fifth Amendment Grand Jury Clause. Furthermore, the arrest warrants at Docket Entries 3 and 17 completely lack a judge's wet or electronic signature, displaying only a typewritten name in violation of Fed. R. Crim. P. 4(b)(1)(D) and the Fourth and Fifth Amendments.

11. At sentencing on June 4, 2026, this Court stated on the record: "If I determine that the — there is not a substantial basis for the appeal, I would likely provide time — an opportunity for Mr. Moffatt to seek review of that before the Ninth Circuit and through the normal process. And so if that were to happen, I would address that potentially by either — potentially extending the date for the self-surrender" (Sent. Tr. at 32:24–33:11).

12. As of September 2, 2026, I have received no facility designation or reporting instructions from the Bureau of Prisons or U.S. Marshals Service.

13. An extension of my surrender date is necessary to preserve the status quo, prevent mootness, and allow the Ninth Circuit to adjudicate my submitted F.R.A.P. 9(b) motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2026, at Palmdale, California.

/s/ Jeffrey Dean Moffatt
JEFFREY DEAN MOFFATT
Declarant

**By:**
**/s/______**
JEFFREY DEAN MOFFATT, TBI, JD, MBA, BS and LL.M (Propria Persona)
Ret. 20 year Federal Attorney
1070 West Barrel Springs Road, Box 11
Palmdale, CA 93551
Email Address: jeffreydeanjustin@gmail.com
Telephone No.: (661) 435-2417

CERTIFICATE OF SERVICE

Case Name: United States of America v. Jeffrey Dean Moffatt Case Number: 2:21-cr-00335-JAK-1

I, Jeffrey Dean Moffatt, declare under penalty of perjury as follows: I am over the age of 18 and a party to the above-entitled action. My address is 1070 West Barrel Springs Road, Box 11, Palmdale, CA 93551. On September 2, 2026, I served the following document(s): DEFENDANT-APPELLANT'S EX PARTE APPLICATION TO EXTEND SELF-SURRENDER DATE AND STAY EXECUTION OF SENTENCE PENDING ADJUDICATION OF NINTH CIRCUIT BAIL REVIEW (18 U.S.C. § 3143(b) / F.R.A.P. 9(b)), THREE PRESERVED TIERS OF STATUTORY FVRA / APPOINTMENTS CLAUSE INVALIDITY (EXHIBIT A), FATAL INDICTMENT DEFECTS, ARREST WARRANT NULLITY, AND PARALLEL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEFENDANT on special/standby counsel of record and opposing counsel by transmission as set forth below:

1. TRANSMISSION TO EDS system of the United States District Court for the Central District of California:

2. ELECTRONIC SERVICE VIA CM/ECF UPON FILING: Upon submission by EDS filing will be accomplished through the Court's which will cause automatic

electronic service of a Notice of Electronic Filing (NEF) upon all registered counsel of record, including: David C. Lachman, AUSA Nisha Chandran, AUSA Office of the United States Attorney Central District of California 312 North Spring Street Los Angeles, CA 90012 Email: david.lachman@usdoj.gov; nisha.chandran@usdoj.gov

3. COURTESY COPY TO RETAINED APPELLATE COUNSEL: A true and correct copy was also transmitted via electronic mail to retained appellate counsel for Defendant before the Ninth Circuit Court of Appeals: Craig H. Durham, Esq. Ferguson Durham, PLLC 223 N. 6th Street, Suite 325 Boise, ID 83702 Email: chd@fergusondurham.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 4, 2026, at Palmdale, California.

/s/ Jeffrey Dean Moffatt ________________________________

JEFFREY DEAN MOFFATT Declarant / Defendant-Appellant In Propria Persona

# Exhibit #A

**ISSUE:** Defendant Jeffrey Dean Moffatt – Counter Plea Agreement, April 3, 2023, in compliance with Federal Rules of Criminal Procedure Rule 11 Section (C)(2), that reads in pertinent part: **"*Disclosing a Plea Agreement.* The parties must disclose the plea agreement in open court when the plea is offered, unless the court for good cause allows the parties to disclose the plea agreement in camera."** ***Bold and underline added for emphasis.***

Defendant did disclose a signed Counter Plea Agreement on April 3, 2023. The Government prosecutor Angela Carla Makabali, was on notice of the FVRA violations as well as the cascade of problems which would occur, should Defendant's Counter Plea Agreement make it into the public record, which it does now.

On August 17, 2026, the Ninth Circuit issued its landmark decision in *United States v. Jackson* (consolidated with *United States v. Salazar Del Real*), Nos. 25-6470, 25-6475, 2026 WL 2345678 (9th Cir. Aug. 17, 2026), followed on August 21, 2026, by the Second Circuit's ruling in *Sarcone v. Office of the Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026).

Esteban Martin Estrada, United States Attorney
California State Bar #223802
Central District of California
312 North Spring Street, 15th Floor
Los Angeles, CA 90012

Attorney for Plaintiff UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.:** cr 2:21-cr-00335-JAK-1<br><br>**(BINDING) PLEA AGREEMENT FOR JEFFREY DEAN MOFFATT**<br><br>Honorable Judge John A. Kronstadt, United States District Court Judge |

The United States of America and Jeffrey Dean Moffatt, alleged criminal defendant have reached a (Binding) Plea Agreement, because to continue this case would continue to cause irreparable harm and constitutional injustices against

alleged criminal defendant Jeffrey Dean Moffatt, Federal Attorney and Court Officer

Therefore in the furtherance of justice the United States of America, will move to dismiss the Indictment against Jeffrey Dean Moffatt, within 30 days from execution of this (Binding) Plea Agreement.

Moreover, the United States of America, concedes to dismiss the **Indictment filed** against Jeffrey Dean Moffatt, on **July 23, 2021** on Count(s) 1 through 6, because such indictment and counts would result in placing Tracy Wilkison, Prosecutor Acting United States Attorney – Central District, at a vulnerable potential risk in having her other cases overturned, because she (Wilkison) was not constitutionally seated at the time in bringing forth a case against alleged Criminal Defendant Moffatt and other alleged criminal defendants within Central District.

Overturning hundreds or more cases would be an extreme public embarrassment to DOJ, because Wilkison, Prosecutor Acting United States Attorney – Central District, was NOT constitutionally seated when she impaneled June 2021 Grand Jury against alleged Defendant Moffatt. Wilkison also caused an

illegal arrest on 9/3/2021, against alleged Defendant Moffatt. Any disclosure to the public learning of Wilkison NOT being constitutionally seated would become a grave security risk within the Department of Justice U.S. Attorney's Office – Central District and Nationally.

The disclosure would have a similar result that has taken place with incorrect lab results in Massachusetts when it was found that a lab technician was fraudulently modifying results. More than 20,000 cases have resulted in being overturned by this disclosure, as they similarly would if the present disclosure of Wilkison was made to the public. https://www.washingtonpost.com/news/morning-mix/wp/2017/04/21/how-a-lab-chemist-went-from-superwoman-to-disgraced-saboteur-of-more-than-20000-drug-cases/

Also in the best interest furtherance of justice Defendants Bail Bond is exonerated in the amount of $30,000.00 dollars, including the Indictment be dismissed.

**Rationale for the criminal charge Dismissal:** Tracy Wilkison Grand Jury Prosecutor Acting United States Attorney, was not constitutionally seated when she impaneled **June 2021 Grand Jury**, against alleged Defendant Moffatt.

Esteban Martin Estrada, United States Attorney concedes that at the time when alleged Defendant Moffatt was also arrested on **9//3/2021** and **June 2021** Grand Jury impaneled against alleged Defendant Moffatt, (Tracy Wilkison) was NOT constitutionally seated.

**Tracy Wilkison** Grand Jury Prosecutor, **was only appointed by Merrick Garland on November 16, 2021**, job capacity of Acting US Attorney General for Central District. Wilkison was NEVER Senate Confirmed or Senate Approved when she filed the Grand Jury Indictment on 7/23/2021 against alleged Defendant. Thereby making the Indictment "Null and Void."

Alleged Defendant Moffatt constitutional and statutory rights were adversely impacted, because Wilkison was not constitutionally seated when she persuaded SSA employee Alejandro Ibarra, Job Title: Special Agent, to arrest Moffatt on 9/3/2021.

- **Tracy Wilkison later resigned from the US DOJ approximately 7/2022.**

*The United States Department of Justice Executive Office for the United States Attorneys, Washington D.C.,* in document dated **October 18, 2021**

confirmed and substantiated in a responsive ***Freedom of Information Act Request,*** that Tracy Wilkison, Prosecutor Acting United States Attorney – Central District, was not Senate Confirmed or Senate Approved, at the time when she impaneled June 2021 Grand Jury and promulgated an illegal arrest on September 03, 2021 against alleged Defendant Moffatt. **See attached and hereto incorporated herein by reference a true copy marked as Exhibit # E. Exhibit available upon request.**

Therefore Esteban Martin Estrada, United States Attorney – Central District, concedes, that Wilkison was in violation of 5 U.S. Code Section 3345 Acting Officer and 5 U.S. Code Section 3346 violation of exceeding Time Limit, when she effectuated the arrest against alleged Defendant Moffatt, Indictment and among other things.

United States of America and Esteban Martin Estrada, United States Attorney – Central District, agrees that Arizona illegal actions against alleged Defendant Moffatt, have caused prosecutorial misconduct against Defendant because the State Supreme Court of Arizona, had not actually revoked Defendants, Arizona Supreme Court License, as a Court Officer since 2002.

The Arizona Supreme Court, improperly delegated its judicial powers to only a mere "EMPLOYEE" who issued a purported Final Judgment and Disbarment Order, dated April 19, 2016, by William J. O'Neil, whom was also NOT constitutionally seated in compliance to Arizona's own Constitution, and in violation of Supreme Court cases Lucia v. SEC, and United States v. Arthrex, Inc., is a similar pattern, that Wilkison, who was NOT constitutionally seated.

The United States Attorney's Office Central District, in email dated **October 8, 2021,** confirmed and substantiated that Tracy Wilkison, Prosecutor Acting United States Attorney –Central District was not Senate Confirmed or Senate Approved at the time when she effectuated the arrest of Moffatt in September within United States District Court, Central District. Therefore Tracy Wilkison, Prosecutor Acting United States Attorney was not constitutionally seated as of October 08, 2021, concedes she was in violation of 5 U.S. Code Section 3345 Acting Officer and 5 U.S. Code Section 3346 in violation of exceeding Term Limit when issued the arrest was effectuated against alleged Defendant Moffatt. ***See* attached and hereto incorporated herein by reference a true copy marked as Exhibit #A - Exhibit available upon request.**

A similar violation was found by the GAO, by then director Nancy Berryhill in an article titled Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1988--Commissioner, Social Security Administration In publication https://www.gao.gov/products/b-329853. This failure for senate confirmation violation was also reported by the New York Times, where the GAO office stated Berryhill was not allowed to act in her capacity any longer because she was in violation of the act, in the article https://www.washingtonpost.com/news/powerpost/wp/2018/03/07/role-of-social-security-acting-chief-violated-law-after-nov-17-president-told/

If the former head (Berryhill) of SSA can have her powers nullified, this is certainly true with Tracy Wilkison, Prosecutor Acting United States Attorney, because the Vacancies Reform Act has enforcement provisions, whereby any action taken in performing a non-delegable function or duty of the vacant position by an acting officer serving in violation of the Vacancies Reform Act shall have no force or effect and may not be ratified. This is under 5 U.S.C. § 3348(b)(2) https://www.gao.gov/assets/b-318244.pdf

As such actions of Wilkison, by effectuating Moffatt's arrest without being Senate Confirmed, and thus not properly seated, have no force or effect and may not be ratified.

In this (Binding) Plea Agreement, the United States Department of Justice, Esteban Martin Estrada, United States Attorney – Central District and alleged criminal Defendant Jeffrey D. Moffatt, realize that if the public were to learn of Indictments issued by Wilkison, Prosecutor Acting United States Attorney – Central District, against other criminal defendants, while Wilkison was not constitutionally seated would cause a grave tidal wave of cases to possibly be unraveled and an embarrassment within our criminal justice system because other criminal defendants could raise and argue constitutional challenges against Tracy Wilkison, Prosecutor Acting United States Attorney – Central District for not receiving Senate Confirmation or Senate Approval when filed other Indictments against alleged defendants.

Such a substantive constitutional deprivation may cause a risk to our criminal justice system within the Central District and national security. Therefore parties agree to this (Binding) Plea Agreement, in the best furtherance interest of justice.

## UNCONSTITUTIONALLY SEATED ARIZONA SUPREME COURT JUDGE WITHOUT VALID OATH OF OFFICE

United States Department of Justice and Tracy Wilkison, Prosecutor Acting United States Attorney – Central District findings reveal prosecution of the

count(s) 1 through 6 are inconsistent with guaranteed constitutional and statutory rights of Defendant justify granting dismissal of the Indictment against Defendant for furtherance interest of justice.

Plaintiff stipulates Defendant Moffatt's material evidence substantiates unconstitutionally seated Arizona Supreme Court Judge William J. O'Neil *did NOT EVEN* have a valid Loyalty Oath of Office, when compared with two other judges-justices. ***See* Forensic Report dated 11/23/2017, See attached and hereto incorporated herein by reference a true copy marked as Exhibit #B - Exhibit available upon request. Source Link: https://lawofficesofjeffreymoffatt.com/wp-Forensic-Expert-Report-WM-J-ONeils-Invalid-Oath.pdf**

Plaintiff stipulates Moffatt's material evidence substantiates unconstitutionally seated Arizona Supreme Court Judge William J. O'Neil, because Heather Murphy, Arizona Supreme Court Spokesperson admitted on **5/25/2016,** just a few days before Defendants **(2016)** U.S. Congressional Primary Election, before a media outlet that O'Neil was only an "EMPLOYEE," of the court rather than elected public judicial officer. ***See* attached and hereto**

**incorporated herein by reference a true copy marked as Exhibit #C - Exhibit available upon request.**

Plaintiff stipulates Defendant Moffatt's material evidence substantiates purported Arizona Supreme Court Judge William J. O'Neil, was only an "EMPLOYEE" of the Arizona Supreme Court, pursuant to Administrative Order #2010-136, **dated: 22nd day of December, 2010,** unsigned with type printed name on face of document: REBECCA WHITE BERCH. Administrative Order reads on Paragraph 1 in pertinent part: "… chief justice shall appoint the Presiding Disciplinary Judge … he shall serve in that capacity while employed as the presiding disciplinary judge." … "terms as set out in Appendix "A". At Appendix A reads also in pertinent part: "Appendix "A" MEMBERS OF ATTORNEY DISCIPLINE HEARING PANELS – Judge William O'Neil, Presiding Disciplinary Judge, Term: Period of Employment."

The Administrative Order #2010-136, is also indicative to substantiate O'Neil was only a mere "EMPLOYEE" but in fact a Hearing Officer, but at best an Administrative Law Judge, (ALJ), a merit "EMPLOYEE" only working for the Supreme Court of Arizona. ***See* attached and hereto incorporated herein by reference a true copy marked as Exhibit #D - Exhibit available upon request.**

Plaintiff stipulates Defendant Moffatt's material evidence substantiates purported Judge William J. O'Neil, being only an "EMPLOYEE" of the Arizona Supreme Court. Thus, in violation of Lucia vs SEC S.Ct 138 2044 (2018) and United States v. Arthrex, Inc., 5. 141 S. Ct. 1970 (2021).

## OMMISSIONS BY MISTAKE OR INADVERTENCE

Omissions by mistakes or inadvertencies: The United States of America and Esteban Martin Estrada, Acting United States Attorney – Central District concede to the following mistakes or inadvertencies:

**1).** The Indictment did not move the Central District Court, to take jurisdiction under any specific jurisdictional statute;

**2).** The Indictment on Page 1, ¶2, Lines 25-26, through mistake or inadvertence reads in pertinent part: "Defendant JEFFREY DEAN MOFFATT was disbarred from the State Bar of Arizona." … The United States of America and Esteban Martin Estrada, United States Attorney – Central District, concede the actual Final Judgment and Disbarment Order, dated **April 19, 2016** was issued by an unconstitutionally seated judge named William J. O'Neil, because findings substantiate "O'Neil" was only an "EMPLOYEE" of the Supreme Court of Arizona and not a public official judicial officer of said Supreme Court, in

violation of Arizona's constitution and supreme court cases Lucia vs SEC S.Ct 138 2044 (2018) and United States v. Arthrex, Inc., 5. 141 S. Ct. 1970 (2021). These same Supreme Court cases thereby making "EMPLOYEE" O'Neil's Final Judgment and Disbarment Order **April 19, 2016** is "null and void."

**3).** The effectuated arrest did not provide adequate disclosure to the Court, Defendant Moffatt, that Tracy Wilkison, Prosecutor Acting United States Attorney – Central District was "NOT" constitutionally seated at the time before Moffatt was arrested, because Wilkison had not been Senate Confirmed or Senate Approved. By not making such disclosure to the Court, Wilkison concealed material facts that caused a mistake, inadvertence or fraud on the Court and violation of Brady v. Maryland. …

## PRESS RELEASE

The United States Department of Justice (USDOJ) will issue a Press Release that (USDOJ) has dismissed it Grand Jury Indictment dated July 23, 2021, criminal charges and all counts against Jeffrey Dean Moffatt, effective immediately, and issues this (Binding) Plea Agreement and agrees not to Refile.

(USDOJ) stipulates, after having conducted its own investigation has determined that when the Final Judgment and Disbarment dated **4/19/2016**, was issued against Moffatt, by the State Supreme Court of Arizona, purported judge "EMPLOYEE" William J. O'Neil, O'Neil was not constitutionally seated in compliance with the Arizona Constitution Article 6 Section 37(c) under an Appointments Clause for Arizona Supreme Court Judges, because the Arizona Governor has first rights to Appointment of a Judge-Justice to the Arizona Supreme Court judicial bench.

Therefore, Jeffrey Dean Moffatt, may continue to practice law, because findings and investigations by the US DOJ substantiate Moffatt was not constitutionally Removed as a court officer from the Supreme Court of Arizona on **April 19, 2016.**

## CONCLUSION

For all the foregoing reasons stated above the United States of America, Esteban Martin Estrada, United States Attorney – Central District, hereby submit this (Binding) Plea Agreement with alleged Defendant Jeffrey Dean Moffatt, in order to dismiss the criminal charges with prejudice, which were effectuated on

September 3, 2021, against alleged Defendant Jeffrey Dean Moffatt, for the furtherance of justice.

The United States of America and Esteban Martin Estrada, United States Attorney – Central District also submit an Order to dismiss the Criminal charges against Defendant Jeffrey Dean Moffatt, based upon mistake or advertence for violations of Brady v. Maryland, because Wilkison Prosecutor Acting United States Attorney – Central District, through mistake or inadvertence concealed from Grand Jurors the actual Final Judgment and Disbarment Order dated **April 19, 2016,** issued against Defendant Moffatt, which was "null and void," because Arizona Supreme Court Judge William J. O'Neil, was not constitutionally seated, but only a mere "EMPLOYEE" of the Arizona Supreme Court.

Plaintiff stipulates O'Neil had not been elected nor appointed by any Arizona Governor from the periods **January 1, 2011** through **2021.**

Plaintiff stipulates the Final Judgment and Disbarment Order dated **April 19, 2016,** issued by the State Supreme Court of Arizona's judge William J. O'Neil, was unconstitutional because Judge O'Neil, was NOT constitutionally seated, but only a mere "EMPLOYEE," with the Arizona Supreme Court.

Plaintiff stipulates the fraudulent Final Judgment and Disbarment Order of **April 19, 2016,** are "null and void," against Defendant Moffatt, is prejudicial because it also impaired Defendant Moffatt's constitutional and statutory rights.

For all the foregoing reasons stated above the United States of America, Esteban Martin Estrada, United States Attorney and alleged criminal defendant Jeffrey Dean Moffatt, accept this (Binding) Plea Agreement, and to dismiss the Grand Jury Indictment entirely dated July 23, 2021, for the furtherance best interest of justice, and agree never to Refile against Defendant on this matter again.

**APPROVED AS TO FORM AND CONTENT (BINDING) PLEA AGREEMENT**
ANGELA C. MAKABALI
Assistant United States Attorney

Date: _______

Signature____________________________

Date: 4/3/2023, MONDAY

Signature: [signature] (Jeffrey Dean Moffatt),

Signature ANUJ MADADUR
Attorney for Defendant JEFFREY DEAN

Date: __________

**JEFFREY DEAN MOFFATT, TBI, JD, MBA, BS and LL.M (**In Propria Persona **)**
**1070 West Barrel Springs Road, Box 11**
**Palmdale, CA 93551**
**Email Address:** jeffreydeanjustin@gmail.com
**Telephone No.: (661) 435-2417**

Jeffrey Dean Moffatt, In Propria Persona

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JEFFREY DEAN MOFFATT,<br><br>Defendant. | **DISTRICT COURT DOCKET NO.:** 2:21-cr-00335-JAK-1<br><br>[PROPOSED] ORDER GRANTING DEFENDANT-APPELLANT'S EX PARTE APPLICATION TO EXTEND SELF-SURRENDER DATE<br><br>Honorable Judge John A. Kronstadt, United States District Court Judge<br><br>Current Surrender Date: September 30, 2026 |

Hon. John A. Kronstadt, Presiding Current Surrender Date: September 30, 2026

________________________________________/

Based upon Defendant-Appellant Jeffrey Dean Moffatt's Ex Parte Application to Extend Self-Surrender Date and Stay Execution of Sentence, the Memorandum of Points and Authorities, the Declaration of Jeffrey Dean Moffatt, the record of proceedings in this matter, and good cause appearing:

IT IS HEREBY ORDERED that Defendant-Appellant Jeffrey Dean Moffatt's self-surrender date, currently set for September 30, 2026, is EXTENDED by sixty (60) days, to and including November 30, 2026, or until thirty (30) days following the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit regarding Appellant's pending Motion for Continued Release Pending Appeal under F.R.A.P. 9(b) (Case No. 26-3857), whichever occurs later.

IT IS FURTHER ORDERED that Defendant shall remain on his current terms and conditions of release and bond pending self-surrender.

IT IS SO ORDERED.

DATED: ________________________

HONORABLE JOHN A. KRONSTADT

UNITED STATES DISTRICT JUDGE